166 N.J. Super. 239 (1979)
399 A.2d 675
PAMELA BERG, AN INFANT BY HER PARENT AND NATURAL GUARDIAN EDWARD BERG, AND EDWARD BERG, INDIVIDUALLY, PLAINTIFFS,
v.
THE OHIO CASUALTY INSURANCE COMPANY, ALSO KNOWN AS THE OHIO CASUALTY GROUP OF INSURANCE COMPANIES, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided January 22, 1979.
*240 Mr. James P. Waller for plaintiffs (Messrs. Harrington and Dunne, attorneys).
Mr. John J. O'Donnell for defendant (Messrs. O'Donnell and McCord, attorneys).
MacKENZIE, J.S.C.
A previously unlitigated aspect of the New Jersey Automobile Reparation Act, N.J.S.A. 39:6A-1 et seq. (the No Fault Law) is at issue. The controversy centers around whether personal injury protection benefits (PIP) extend to a pedestrian, the daughter of the *241 named insured whose vehicle was not involved in the accident, who suffers bodily injuries when struck first by a commercial vehicle, then by an automobile. Is the girl to be considered a member of the family residing in the insured's household who has sustained bodily injury as the result of an accident involving an automobile? If she is, coverage is provided, N.J.S.A. 39:6A-4. If not, there are no collectible PIP benefits.
The facts are not in dispute. R. 4:46-1. Edward Berg (plaintiff) owned and was the named insured on a standard New Jersey family automobile policy in effect on the date of the accident, April 19, 1974. The policy issued by the Ohio Casualty Insurance Company (Ohio) contains basic PIP coverage, including medical expense benefits. Plaintiff's eight-year-old daughter Pamela, while walking in the westbound lane of Route 24 in Madison, New Jersey, was struck by a 1967 Ford truck[1] owned by E & B Service Carrier and operated by John Glerum. Pamela was propelled by that impact against the left door of a stationary 1971 Chevrolet four-door sedan operated by Thelma Wilkerson. Mrs. Wilkerson's automobile, a private passenger motor vehicle owned by her husband, was in the eastbound lane of Route 24 waiting for stalled traffic to move. Both vehicles were registered in New Jersey. Insurance coverage for the Wilkerson car is compulsory under the No Fault Law. Pamela suffered severe bodily injuries in the accident. There were no proofs attributing any specific injury to either vehicular contact.
Plaintiffs seek a declaratory judgment construing the terms of the insurance policy and declaring that Ohio is obligated to pay Pamela's medical expenses, N.J.S.A. 2A:16-50, et seq. Ohio seeks dismissal of the complaint on the theory *242 that this infant pedestrian is not entitled to PIP coverage under the No Fault Law.
Mandatory PIP coverage is provided for in N.J.S.A. 39:6A-4, as follows:
Every automobile liability insurance policy insuring an automobile as defined in this act against loss resulting from liability imposed by law for bodily injury, death and property damage sustained by any person arising out of ownership, operation, maintenance or use of an automobile shall provide additional coverage, as defined herein below, under provisions approved by the Commissioner of Insurance, for the payment of benefits without regard to negligence, liability or fault of any kind, to the named insured and members of his family residing in his household who sustained bodily injury as a result of an accident involving an automobile, to other persons sustaining bodily injury while occupying the automobile of the named insured, or while using such automobile with the permission of the named insured and to pedestrians, sustaining bodily injury caused by the named insured's automobile or struck by an object propelled by or from such automobile.
There is no limit, other than necessity of treatment and reasonableness of charge, on collectibility of medical benefits. The statute requires that all policies be written so as to be consistent with law. N.J.S.A. 39:6A-17.
Three classes of persons are afforded PIP protection under the statute: (1) the named insured and members of his family are covered for bodily injury resulting from "an accident involving an automobile"; (2) other persons are given coverage for bodily injury sustained from an automobile while using the automobile with the insured's permission or while otherwise occupying the car, and (3) pedestrians[2] are protected if they sustain bodily injury caused, directly or indirectly, by the insured's vehicle.
*243 Pamela obviously does not fall into the second category of protected persons. She is an infant member of the insured's family who lives with her father. The act provides that family members living in the insured's household enjoy PIP coverage when injured as the result of an automobile accident. Plaintiff contends that his daughter was injured in an automobile accident involving an automobile notwithstanding the initial contact was with a truck. N.J.S.A. 39:6A-2(a). If so, does she fall into the first category of protected persons? Or, since she was injured while walking in the highway, is she ineligible for PIP benefits because she was injured by vehicles other than her father's automobile while a pedestrian?
Ohio argues initially that Pamela was not injured "as the result of an accident involving an automobile." An individual who sustains injury as a pedestrian when struck by a truck is not entitled to PIP benefits. Such a pedestrian would be limited to residual medical payments coverage up to $1,000 for medical expenses under the named insured's own automobile insurance policy. N.J.A.C. 11:3-7.6.[3] Pamela would not be entitled to unlimited PIP benefits if Ohio's analysis of her status is correct.
It must be remembered, however, that the No Fault Law is broadly construed in order to effectuate the goals of the Legislature in securing prompt, fair and efficient compensation for those who suffer bodily injury on our highways, N.J.S.A. 39:6A-16; and see Hagains v. Government Employees Ins. Co., 150 N.J. Super. 576, 581 (Law Div. 1977),[4] *244 No Fault Law has been liberally construed so as to cover an explosion caused by gasoline leaking from a car parked in a garage. Government Employees Ins. Co. v. Tolhurst, 146 N.J. Super. 285 (App. Div. 1977).
The statute does not require that the involved automobile be negligently operated by its driver, nor that the automobile be a proximate cause of the injuries. Tort concepts are not pertinent. The goal of the No Fault Law is reached if an automobile is involved in an accident which resulted in bodily injury.
The Legislature designed the statute to (1) excise the fault concept from automobile negligence law; (2) guarantee a certain minimum amount of coverage for the injured person by shifting compensation from a tort insurance system to a system of first party coverage, and (3) provide for prompt payment of expenses without having to await the outcome of protracted litigation. Consistent with that broad public policy aim, Hoglin v. Nationwide Ins. Co., 144 N.J. Super. 475 (App. Div. 1976), interpreted N.J.S.A. 39:6A-4 to allow benefits to an insured injured when the motorcycle he was operating collided with an automobile required to be insured under the No Fault Law. There would have been no coverage had that motorcyclist run into a truck, a tree or a highway divider. Cf. Bingham v. Home Indemnity Co., 146 N.J. Super. 166 (Law Div. 1976). The determining factor in Hoglin was the involvement in the accident of an insured vehicle.
More recently, in Gerber v. Allstate Ins. Co., 161 N.J. Super. 543 (Law Div. 1978), it was held:
Driving a motorcycle does not bring the driver within the language of the statute since a motorcycle does not fall within the definition of an "automobile" as contained in N.J.S.A. 39:6A-2. Accordingly, where the insured under an automobile policy is driving a motorcycle, PIP coverage is not available when injuries are received in an accident where no automobile is involved. * * *
On the other hand, the requirement that an accident involve an automobile in order to justify PIP benefits has been given liberal treatment by our courts in order to effectuate the purposes of the *245 No-Fault Law. Accordingly, the fact that the injured insured is driving a motorcycle at the time of the accident does not in itself justify the denial of coverage. * * * [at 547]
Neither should the fact that the injured insured is walking across a roadway at the time of this accident by itself justify the denial of coverage if she is in an accident involving an insured automobile.
Ohio next argues that Pamela's injuries were not caused by an automobile. The words "an accident involving an automobile" are of more expansive legal significance than the words caused by. The provision of N.J.S.A. 39:6A-4 applicable to the first category of protected persons is similar to the statutory test for workers compensation, "arising out of and in the course of employment," N.J.S.A. 34:15-7. The phrase must be understood to mean incident to, or having connection with, the use of the automobile. Here, contact by Pamela with the Wilkerson car was a link in the chain of events occasioning the injury. Whether proximately related in the tort sense or not is of no matter to this determination.
Use of the Wilkerson automobile was connected with the accident. It constitutes a sufficiently foreseeable risk to this first party insurer just as throwing a stick from the car was sufficiently foreseeable event to mandate coverage in Westchester Fire Ins. Co. v. Continental Ins. Cos., 126 N.J. Super. 29 (App. Div. 1973), aff'd 65 N.J. 152 (1974). In Westchester injuries sustained by a bicyclist who was hit by a stick thrown by a passenger from a moving automobile were injuries "arising out of the ownership, maintenance or use of the owned automobile" within automobile liability policies issued to fathers of driver and passenger despite defendant's contention that the automobile was merely the site of the accident. The phrase "arising out of," as used in automobile insurance policies, does not mean that injuries had to be a direct and proximate result, in a strict legal sense, of the use of the automobile, but only that there be a *246 substantial relationship, in time and place, between the injury and the use of an insured automobile.
Who can gainsay that Pamela's injuries were not sustained as a result of the kind of accident referred to in the No Fault Law? In this context whether injuries received resulted from the impact with the commercial vehicle or a second impact with the Wilkerson car or from both is immaterial. Neither the act nor any decisional authority suggests that the injuries must be caused exclusive by contact with the insured automobile. Preceding or even supervening injuries would seem to be included if any were suffered as the result of an accident involving an automobile.[5] Suppose Pamela had been struck but a gentle, glancing blow by an automobile but after losing her balance fell into the path of a truck which then ran her over. Would not the purposes of the No Fault Law be served by PIP coverage? Thus, the fact that Pamela was struck by a truck first before ricocheting into an automobile does not preclude the conclusion that her injuries were suffered as the result of an accident involving an automobile. Viewed in a broad, transactional sense, she was injured in an automobile accident.
Finally, mention of a particular type of injured pedestrian in the third category of persons protected in N.J.S.A. 39:6A-4 does not exclude all other members of walking public from PIP coverage. The Legislature, in providing for liberal no fault coverage, also intended PIP benefits for those pedestrians who are injured by the insured's vehicle. The converse of that proposition, i.e., PIP coverage only for those pedestrians who are injured by the insured's vehicle, does not hold. Had the Legislature intended to restrict PIP coverage *247 to only that type of pedestrian it would have expressed clearly its limited purpose. It "makes no difference if the injured person was, at the time of the accident, riding in a car or on a bicycle, motorcycle, truck, snowmobile, horse, donkey or bus," so long as he comes in contact with an insured automobile. Harlan v. Fidelity & Cas. Co., 139 N.J. Super. 226, 229 (Law Div. 1976).
Judgment will be entered on the complaint declaring Ohio to be responsible for all necessary treatment and reasonable medical expenses incurred on behalf of Pamela Berg as a result of the April 19, 1974 accident.
NOTES
[1] This commercial vehicle which was customarily used in business does not have the characteristics of the various truck-type motor vehicles which fit within the definition of automobile. N.J.S.A. 39:6A-2(a).
[2] Pedestrian is defined as a person who is not occupying a vehicle propelled by other than muscular power and designed primarily for use on highway, rails and track and includes any person who is entering into or alighting from such a vehicle. N.J.S.A. 39:6A-2(h).
[3] The Commissioner of Insurance has the authority to make or amend rules and regulations. N.J.S.A. 17:1-8.1 and 17:1C-6(e). Increased coverage, up to a maximum of $10,000 may be purchased by the named insured. N.J.A.C. 11:3-7.6(c).
[4] Trial courts have even fashioned flexible new remedies to meet the statutory mandate as to PIP claims. See Solimano v. Consolidated Mut. Ins. Co., 146 N.J. Super. 393 (Law Div. 1977), and Toppi v. Prudential Ins. Co. of America, 153 N.J. Super. 445 (Cty. Dist. Ct. 1977).
[5] Exemplifying the sweep of the No Fault Law, although factually inapposite, injuries were held to be caused by an automobile when one of its component parts, a tire, exploded on inflation. Hopkins v. Liberty Mut. Ins. Co., 156 N.J. Super. 72 (App. Div. 1978), clarified on a different point of law, 158 N.J. Super. 176 (App. Div. 1978).