168 N.J. Super. 515 (1979)
403 A.2d 925
JOHN DANILLA, PLAINTIFF-RESPONDENT,
v.
LEATHERBY INSURANCE COMPANY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 8, 1979.
Decided May 29, 1979.
*516 Mr. William V. Kennedy argued the cause for appellant (Mr. Joseph Buttafuoco, attorney; Mr. Gerard E. Hanlon on the brief).
Mr. Robert F. Dato argued the cause for respondent (Messrs. Dato & Kracht, attorneys).
Before Judges LYNCH, CRANE and HORN.
The opinion of the court was delivered by HORN, J.A.D.
Defendant Leatherby Insurance Company (Leatherby) appeals from the denial of its cross-motion for summary judgment seeking to have plaintiff's suit dismissed as barred by the time limitation imposed by N.J.S.A. 39:6A-13.1(a), applicable under the No Fault Insurance Law, N.J.S.A. 39:6A-1 et seq., to plaintiff's claim for personal injury protection (PIP) benefits.
Plaintiff was involved in an accident on September 13, 1974, involving an automobile and the motorcycle plaintiff was riding. On March 7, 1977 he filed a complaint against defendant and another insurance company,[1] after both companies refused to honor his claims for payment of PIP benefits under the respective policies. Defendant filed a timely *517 answer in which, among other things, it denied liability to plaintiff and asserted that the stated statute, N.J.S.A. 39:6A-13.1(a), barred plaintiff's suit. Plaintiff and defendant filed cross-motions for summary judgment. In an affidavit supporting his motion, plaintiff asserted that he was seeking reimbursement for those funds which he had to expend for medical care during the two years immediately prior to the filing date of the complaint, as well as future medical bills, incurred as a result of the accident. Defendant sought to have plaintiff's complaint dismissed on the ground that it was not filed within two years of the date of the accident or within two years of the date the first medical expense was incurred, that is, September 1974.
The trial judge granted plaintiff's motion, interpreting N.J.S.A. 39:6A-13.1(a) as providing for a two-year period of limitation which commenced to run after the incurrence of each medical expense which was related to the accident, regardless of when the accident occurred or when the first medical expense related thereto was incurred. Thus, since this plaintiff was seeking only those medical expenses incurred within the two years preceding the filing of his complaint, the trial judge deemed the action viable.
Defendant contends in this instance that that interpretation is erroneous and argues that the two-year period should be measured from the date the first medical expense which plaintiff knowingly related to that accident was incurred.
N.J.S.A. 39:6A-13.1 provides in pertinent part as follows:
a. Every action for the payment of benefits set forth in sections 4 and 10 of this act, except an action by a decedent's estate, shall be commenced not later than 2 years after the injured person or survivor suffers a loss or incurs an expense and either knows or in the exercise of reasonable diligence should know that the loss or expense was caused by the accident, or not later than 4 years after the accident whichever is earlier, provided, however, that if benefits have been paid before then an action for further benefits may be commenced not later than 2 years after the last payment of benefits.
*518 Accordingly, we must determine whether the two-year limitation set forth in that statute begins to run after an individual incurs his first expense, knowing[2] that that expense was caused by the accident, or whether that time limitation attaches to each expense known to be caused by the accident when that expense is incurred, regardless of and independent of the first expense or any other expense incurred as a result of the accident.
Although no reported decision in this State has dealt with this precise question, we are not left without any guidance whatsoever in this area. Generally speaking, statutes of limitations are designed to stimulate litigants to pursue their causes of actions diligently and to spare courts from the litigation of stale claims. They are meant to penalize delay and to serve as measures of repose. Thus, it has been held that,
"When a plaintiff knows or has reason to know that he has a cause of action against an identifiable defendant and voluntarily sleeps on his rights so long as to permit the customary period of limitations to expire, the pertinent considerations of individual justice as well as the broader considerations of repose, coincide to bar his action." [Farrell v. Votator Div. of Chemetron Corp., 62 N.J. 111, 115 (1973)]
One author has noted that, when construing statutes of limitations, American courts tend to strictly interpret their provisions and allow for exceptions only "in cases of severe hardship," largely in the interest of fostering a more stable society. Sutherland, Statutory Construction (4 ed. 1974), § 70.03 at 301.
Admittedly, the statutory language in this case admits of two interpretations. The statute recites that the two-year period begins "after the injured person * * * incurs an expense * * *" (emphasis supplied). There is no further qualification *519 of the word "expense." Thus, it is possible to view that language as did the trial judge in the present case. However, given the purpose and function of statutes of limitation as well as the legislative history of the no-fault insurance legislation, we do not think the Legislature intended such a construction to be ascribed to the statute.
Iavacoli, in his treatise, No Fault & Comparative Negligence in New Jersey (1973), noted that the No Fault Insurance Law originally contained no time limitation, the Legislature being of the opinion that the general two-year statute of limitations pertaining to personal-injury actions would suffice (N.J.S.A. 2A:14-2). Under that statute the two-year period begins to run from the time the cause of action accrues  in negligence actions this occurs at the point the injury or damage occurs or when the plaintiff knew or should have known the existence of that state of facts which may equate in law with a cause of action. Burd v. New Jersey Tel. Co., 76 N.J. 284, 291 (1978); Rosenau v. New Brunswick and Gamon Meter Co., 51 N.J. 130, 137 (1968). The no-fault law was subsequently amended to include N.J.S.A. 39:6A-13.1, which, Iavacoli suggests, was intended to mark the two-year period from either the date of the accident or from the date on which the insured became aware that his injuries were related to the accident. Op. cit. at 79. We are persuaded that this view of the statutory language more readily comports with the purpose and function of statutes of limitation. We do not deem it likely, in view of the stated discussion, that the Legislature would have chosen to adopt a statute of limitations which would begin to run each time a new medical expense related to the accident was incurred.
In the present case it was established that plaintiff first knowingly incurred a medical expense related to the accident in September 1974. That being so, the two-year statutory period began to run from that date. Thus, plaintiff's complaint filed in March 1977 was clearly out of time. *520 The trial judge therefore erred in granting plaintiff's motion for summary judgment.
The order for summary judgment granted in favor of plaintiff is reversed. The cause is remanded for further proceedings not inconsistent with our expressed views. We do not retain jurisdiction.
NOTES
[1] The other insurance company was later dismissed as a defendant. That dismissal is not an issue in the case.
[2] We use this to include "or in the exercise of reasonable diligence [should have known] that the loss was caused by the accident."