173 N.J. Super. 60 (1980)
413 A.2d 363
KATHERINE BELL, PLAINTIFF-APPELLANT,
v.
WESTERN EMPLOYER'S INSURANCE COMPANY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 25, 1980.
Decided March 26, 1980.
*61 Before Judges BISCHOFF, BOTTER and MORTON I. GREENBERG.
Thomas H. Klein argued the cause for appellant.
Steven L. Aiken argued the cause for respondent (McMenaman and Grasso, attorneys; Dennis F. Wagenblast on the brief).
The opinion of the court was delivered by MORTON I. GREENBERG, J.A.D.
Plaintiff appeals from an order dismissing her complaint for dental expenses under the New Jersey Automobile Reparation *62 Reform Act (N.J.S.A. 39:6A-1 et seq.), generally called the No Fault Act, on the ground that her action was barred by the statute of limitations within the act. N.J.S.A. 39:6A-13.1(a). There was a dispute in the trial court on issues of the relation of the expenses to the accident and the reasonableness of the bills, but the facts on which the dismissal was based were not contested.
Plaintiff was injured in an automobile accident on June 12, 1975 while covered by an automobile policy issued by defendant or its predecessor providing for no fault benefits under the act. Plaintiff made claims for medical and dental payments under the policy and they were paid until January 7, 1976. In December 1977 plaintiff started receiving additional dental treatment for injuries she attributes to the accident. This treatment continued until August 21, 1978. A claim was made by plaintiff for payment to cover the expense of this additional treatment, but defendant denied liability. Thus, plaintiff instituted this action on June 13, 1978. Defendant pleaded the statute of limitations as one of its defenses. Plaintiff moved for summary judgment. The trial judge denied plaintiff's motion since he found that the action was barred by the statute of limitations. N.J.S.A. 39:6A-13.1(a). The judge also noted that there were factual disputes as to causation and the reasonableness of the bills. Defendant subsequently moved for summary judgment. Consistent with the prior determination, defendant's motion was granted.
N.J.S.A. 39:6A-13.1(a) provides as follows:
Every action for the payment of benefits set forth in sections 4 and 10 of this act, except an action by a decedent's estate, shall be commenced not later than 2 years after the injured person or survivor suffers a loss or incurs an expense and either knows or in the exercise of reasonable diligence should know that the loss or expense was caused by the accident, or not later than 4 years after the accident whichever is earlier, provided, however, that if benefits have been paid *63 before then an action for further benefits may be commenced not later than 2 years after the last payment of benefits.
Among the no fault benefits subject to this statute of limitations are medical expense benefits. N.J.S.A. 39:6A-4(a). This is defined to include dental expenses. N.J.S.A. 39:6A-2(e).
The trial judge determined that the action was barred for the following reasons. Benefits had been voluntarily paid under the policy until January 7, 1976. The action was commenced on June 13, 1978. The judge ruled that the last clause of N.J.S.A. 39:6A-13.1(a), which provides that if benefits have been paid under the policy an action for further benefits may be commenced not later than two years after the last payment, narrowed plaintiff's rights as established by the two preceding clauses of N.J.S.A. 39:6A-13.1(a). He therefore held that since plaintiff had last been paid benefits more than two years before the action was started, the new claim was barred. Defendant on this appeal adopts the same argument. Plaintiff argues that the trial judge should have followed Andrito v. Allstate Ins. Co., 161 N.J. Super. 409 (Cty.D.Ct. 1978), which held that an action for an expense is not barred if brought within four years of the accident and within two years of the incurring of the expense, even though more than two years after a benefit for a prior expense was paid.
While N.J.S.A. 39:6A-13.1(a) is not free from ambiguity, we believe that the construction reached by the trial judge was erroneous and thus we reverse. Plaintiff brought this action within two years of incurring the expense for which she seeks recovery, since the treatment started in December 1977 and the action was commenced June 13, 1978. We think that the loss or expense referred to in N.J.S.A. 39:6A-13.1(a) is the loss or expense for which recovery is sought in the action unless there had been a prior uncompensated expense attributable to the accident, in which event the loss or expense within N.J.S.A. 39:6A-13.1(a), would be the oldest uncompensated expense. Danilla v. Leatherby Ins. Co., 168 N.J. Super. 515 (App.Div. 1979). *64 In Danilla this court held that the two-year period runs from the first expense which the claimant knew was attributable to the accident. But it was implicit that the defendant had not made any payment of benefits before the action was brought. Thus, an action started on March 7, 1977 was dismissed since the accident had occurred September 13, 1974 and medical expenses had been incurred in September 1974. In Danilla the court would not permit the plaintiff to avoid the bar by seeking recovery only for expenses incurred less than two years before the complaint. But the result should be different in a situation where the prior expenses were paid. As noted by the Danilla court:
Generally speaking, statutes of limitations are designed to stimulate litigants to pursue their causes of actions diligently and to spare courts from the litigation of stale claims. They are meant to penalize delay and to serve as measures of repose. [Id. at 518]
Plaintiff, here, first incurred an expense not voluntarily compensated in December 1977. She started this action June 13, 1978 and therefore cannot be deemed to lack diligence. She had no reason to bring any action before December 1977 at the earliest. We do not think that the Legislature, in N.J.S.A. 39:6A-13.1, was concerned with barring actions for claims voluntarily paid. We thus hold that this action was commenced not later than two years after plaintiff incurred an "expense caused by the accident."
The proviso in N.J.S.A. 39:6A-13.1 stating that "if benefits have been paid before then an action for further benefits may be commenced not later than 2 years after the last payment of benefits," does not narrow plaintiff's rights under the statute. It is clear that the proviso was necessary, for without it the payment of benefits could not be enforced after four years following an accident since N.J.S.A. 39:6A-13.1 bars an action for recovery of benefits after the earlier of two years after the expense is incurred or four years after the accident. There is certainly no indication elsewhere in the No Fault Act that the *65 Legislature intended to limit liability for benefits to a four-year period following an accident.
Two additional considerations support our construction. N.J.S.A. 39:6A-13.1(a) initially indicates that a suit "shall be commenced" within the earlier of the two-year period after the incurring of the expense or four years after the accident. It then provides that if benefits have been paid, an action for further benefits "may be commenced" within two years of their payment. In statutory construction the word "shall" is generally mandatory and the word "may" is ordinarily permissive or directory, although the words may be deemed interchangeable when necessary to execute the clear intent of the Legislature. Harvey v. Essex Cty. Freeholder Bd., 30 N.J. 381, 391-392 (1959). Here the Legislature used "shall" and "may" within a single sentence dealing with a single subject. The court must assume that the change was intentional. If so, the word "may" should be deemed permissive and should therefore authorize something otherwise barred. Additionally, the Legislature has declared with respect to the No Fault Act that it: "shall be liberally construed so as to effect the purpose thereof." N.J.S.A. 39:6A-16. A result barring plaintiff here would hardly be liberal. She had been paid voluntarily until January 7, 1976. Her new treatment started December 1977 and extended until August 21, 1978. She brought this action June 13, 1978, well within two years after her treatment recommenced and within four years after the accident. Thus we hold that, where payment of medical benefits has been made voluntarily and further medical expenses are incurred within four years after the accident an action for such expenses may be commenced within two years after the first unpaid expense has been incurred, provided the action is started within four years after the accident and regardless of the date of the last reimbursement.
The judgment is reversed and the matter remanded to the Superior Court, Law Division. Of course, we have not passed on any of the other defenses raised in the trial court.