175 N.J. Super. 309 (1980)
418 A.2d 303
ANTHONY GIANTONIO, AS GUARDIAN OF PETER GIANTONIO; ANTHONY GIANTONIO, ETC., PLAINTIFFS,
v.
RELIANCE INSURANCE COMPANIES, DEFENDANT.
Superior Court of New Jersey, Law Division Bergen County.
Decided June 27, 1980.
*310 Arthur Del Colliano for plaintiffs.
Mary B. Rogers for defendant (Lamb, Hutchinson, Chappell, Ryan & Hartung, attorneys).
DALTON, J.S.C.
These cross-motions for summary judgment project an issue heretofore apparently not the subject of a reported decision in this jurisdiction. The court is presented with the question of whether the statute of limitations with respect to the personal injury protection benefits of the Automobile Reparation Reform Act, N.J.S.A. 39:6A-13.1(a), is tolled for an infant until such time as he reaches his majority, even though he is represented in a suit for such benefits by a guardian.
The essential facts are uncontroverted. On January 26, 1975 plaintiff Peter Giantonio, then 13 years old, was walking along a sidewalk in Little Ferry. A commercial vehicle was pulling a chassis which was attached to it by a rope. As the chassis was swaying back and forth it struck a passenger car traveling from the opposite direction. Immediately upon impact the chassis bolted in the other direction, striking plaintiff and two other children. One of the children died instantly while plaintiff and the other child were critically injured. Plaintiff suffered severe facial disfigurement in addition to other bodily injuries. He was immediately treated for those injuries and for a period of several months thereafter.
*311 At the time of this accident plaintiff Anthony Giantonio, Peter's father, was insured under a standard automobile policy issued by defendant which provided personal injury protection (PIP) coverage as mandated by N.J.S.A. 39:6A-4. Defendant has paid $1,000 in medical benefits and $2,525 under the uninsured motorists insurance claim arising out of a prior suit against the drivers of the vehicles involved in the accident. These payments are, of course, unrelated to the PIP benefits here sought.
This declaratory judgment action was instituted on September 26, 1979 by Anthony Giantonio as guardian of Peter Giantonio, Anthony Giantonio individually and Peter Giantonio. The complaint alleges that plaintiff Peter's injuries fall within the purview of N.J.S.A. 39:6A-1 et seq., and seeks judgment declaring, among other things, that defendant is required to pay all reasonable medical expenses incurred as a result of the accident. In its answer defendant has raised as an affirmative defense the statute of limitations set forth in N.J.S.A. 39:6A-13.1(a).
Plaintiffs move for summary judgment, contending that Peter's injuries were as a result of an accident involving an automobile as defined by N.J.S.A. 39:6A-2(a):
"`Automobile' means a private passenger automobile of a private passenger or station wagon type that is owned or hired and is neither used as a public or livery conveyance for passengers nor rented to others with a driver; and a motor vehicle with a pick-up body, a delivery sedan or a panel truck or a camper type vehicle used for recreational purposes owned by an individual or by husband and wife who are residents of the same household, not customarily used in the occupation, profession or business of the insured other than farming or ranching. An automobile owned by a farm family copartnership or corporation which is principally garaged on a farm or ranch and otherwise meets the definitions contained in this section, shall be considered a private passenger automobile owned by two or more relatives resident in the same household."
Plaintiffs argue that although the vehicle primarily responsible for the accident was not a statutory "automobile," but rather a commercial vehicle, it is clear that the chassis struck a private passenger vehicle and was propelled by that impact to the sidewalk, causing the injuries. Employing a comprehensive "chain-of-events" rationale, plaintiffs submit that the accident in question falls within the scope of the statute.
*312 To support this claim of coverage, plaintiffs rely upon Berg v. Ohio Casualty Ins. Co., 166 N.J. Super. 239 (Law Div. 1979). There the infant plaintiff, Pamela Berg, was walking along Route 24 in Madison, New Jersey, when she was struck by a truck. She was propelled against the left door of a stationary four-door sedan which was in the opposite lane of Route 24, waiting for stalled traffic to move. Defendant argued that Pamela's injuries were not caused by an automobile. In rejecting that contention, the court reasoned that the phrase, "an accident involving an automobile," must be understood to mean incident to, or having connection with, the use of an automobile. The infant's contact with the car was seen by the court as a link in the chain of events occasioning the injury. Thus, "[V]iewed in a broad, transactional sense, she was injured in an automobile accident." 166 N.J. Super. at 246.
Defendant here cross-moves for summary judgment on the ground that the statute of limitations set forth in N.J.S.A. 39:6A-13.1(a) bars the plaintiff's action. That provision reads as follows:
Every action for the payment of benefits set forth in sections 4 and 10 of this act, except an action by a decedent's estate, shall be commenced not later than 2 years after the injured person or survivor suffers a loss or incurs an expense and either knows or in the exercise of reasonable diligence should know that the loss or expense was caused by the accident, or not later than 4 years after the accident whichever is earlier, provided, however, that if benefits have been paid before then an account for further benefits may be commenced not later than 2 years after the last payment of benefits.
Defendant's primary contention is that the time limitations of this provision are mandatory. Peter Giantonio was injured on January 26, 1975 and was immediately thereafter treated for those injuries and for a period of several months thereafter. This action for PIP benefits was not commenced until September 26, 1979, exactly 4 years and 8 months after the accident. Defendant argues that since there is no tolling provision for minors in the statute, plaintiff's claims must be barred.
Preliminarily, the court notes that no pertinent legislative history or pronouncement exists which would be of aid in resolving this unique issue. Iavacoli, in his treatise, No-Fault and Comparative Negligence in New Jersey (1973), likewise makes no allusion to this aspect of the statute; his discussion is *313 primarily an overall analysis of the time limitation period in N.J.S.A. 39:6A-13.1. Consequently, this court must look to relevant case law for guidance.
The majority of cases which examine the statutory provision in question deal almost exclusively with construing its somewhat cryptic terms. For example, in Danilla v. Leatherby Ins. Co., 168 N.J. Super. 515 (App.Div. 1979), plaintiff was involved in an accident which took place on September 13, 1974. He filed a complaint against defendant and another insurance company on March 7, 1977 after they refused to honor his claims for PIP benefits under their respective policies. Defendant denied liability to plaintiff and asserted N.J.S.A. 39:6A-13.1(a) barred plaintiff's action. The Appellate Division, in reversing a summary judgment entered for plaintiff, held that the two-year statutory period ran from the first expense which claimant knew was attributable to the accident. Since plaintiff first knowingly incurred a medical expense related to the accident in September 1974, his filing of the complaint in March 1977 was out of time and his suit therefore barred by the statute.
More recently, in Bell v. Western Employer's Ins. Co., 173 N.J. Super. 60 (App.Div. 1980), plaintiff was injured in an automobile accident on June 12, 1975. She made medical and dental claims on her policy with defendant which were paid until January 7, 1976. Plaintiff began to receive further dental treatment in December 1977 for injuries she attributed to the accident but the defendant denied liability. She then instituted her action on June 13, 1978 and defendant pleaded that N.J.S.A. 39:6A-13.1(a) barred the action which was brought more than two years from the last payment of PIP benefits.
In reversing a grant of summary judgment for defendant, the Appellate Court held that the limitation period of the statute begins to run from the time when plaintiff first incurs an expense not voluntarily compensated following payment for previous expenses. The court explained its holding this way:
We think that the loss or expense referred to in N.J.S.A. 39:6A-13.1(a) is the loss or expense for which recovery is sought in the action unless there had been a prior uncompensated expense attributable to the accident, in which event the loss or expense with N.J.S.A. 39:6A-13.1(a) would be the oldest uncompensated expense. [at 63].
*314 In so ruling, the court distinguished its holding from that in Danilla, supra, by noting that Danilla turned on the fact that defendant there had not made any payments before the action was brought. The Bell court stated that the result would be different where, as in the case before it, the prior expenses were paid. Accordingly, the court held that Mrs. Bell's action was commenced not later than two years after she incurred an "expense caused by the accident."
However, these and other cases of similar import, see, e.g., Evernham v. Selected Risks Ins. Co., 163 N.J. Super. 132 (App. Div. 1978), certif. den. 79 N.J. 479 (1979); Henze v. Motor Club of America, 162 N.J. Super. 521 (Cty.D.Ct. 1978), do not even tangentially deal with the issue presently before the court. In this context plaintiff relies heavily on N.J.S.A. 2A:14-21, which tolls the running of the statute of limitations on various actions for an infant until he reaches the age of majority. Plaintiff vigorously insists that there need be no specific reference in N.J.S.A. 39:6A-13.1(a) to the tolling provision in the general statutes of limitations in order for the latter to apply. Defendant, of course, argues that in the absence of such a specific reference or an internal tolling provision, the statutory bar becomes mandatory.
In Scharwenka v. Cryogenics Management, Inc., 163 N.J. Super. 16 (App.Div. 1979), the court, in construing the worker's compensation statute, held that the limitation period for claiming death benefits under the act is not tolled as to an infant until he reaches majority. The court noted that there is no tolling proviso in the act and "[n]o exception or qualification for infancy or incompetency is provided for, in contrast with the express provision therefor in the general statutes of limitations." (At 21). Then, in analyzing the constitutional attack on the statute, the court stated:
Tort actions, death actions, and workers' compensation proceedings, are sufficiently distinctive in purpose, function and effect to rationally warrant legislative differentiation in respect of limitation provisions, including the incidence of tolling vel non.

Like the workers' compensation statute, N.J.S.A. 39:6A-13.1 contains no provision for tolling for infancy or incompetency. It *315 is the opinion of this court that had the Legislature intended that the time limitations be tolled for an infant until he reaches his majority, it could have quite effortlessly inserted just such a specific provision. This court cannot by judicial construction do what the Legislature expressly or inferentially declined to do. For the court to embark on such an attempt would be a hopelessly difficult task.
Furthermore, the court believes that, like the workers' compensation statute, the No-Fault automobile law is "sufficiently distinctive in purpose, function and effect" to warrant differentiation with respect to statutory limitations and tolling provisions. The act was passed, in part, to effectuate the prompt and efficient compensation of insureds injured in accidents involving automobiles. Any rational means employed to attain this legitimate legislative end is proper and constitutional. Again, had the Legislature recognized a need to enact a tolling provision for infants in the statute of limitations for PIP benefits, it would have done so. This court will not disturb the Legislature's disinclination to so act.
Accordingly, for the reasons stated hereinabove, the defendant's cross-motion for summary judgment is granted; plaintiff's motion is denied.