177 N.J. Super. 19 (1980)
424 A.2d 849
CHRISTIAN J. OCHS, PLAINTIFF-RESPONDENT,
v.
FEDERAL INSURANCE COMPANY AND CHUBB/PACIFIC INDEMNITY GROUP, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued December 1, 1980.
Decided December 23, 1980.
*20 Before Judges ALLCORN, KOLE and PRESSLER.
Patricia J. Cooney argued the cause for appellants (Shanley & Fisher, attorneys; Thomas F. Campion, of counsel).
Anthony R. Amabile argued the cause for respondent (Witham, Amabile & Takvorian, attorneys).
The opinion of court was delivered by PRESSLER, J.A.D.
This appeal raises precisely the same question concerning the interpretation of the limitations provision of the New Jersey Automobile Reparation Reform Act (No Fault) N.J.S.A. 39:6A-1 et seq., as was recently addressed by this court in Danilla v. Leatherby Ins. Co., 168 N.J. Super. 515 (App.Div. 1979). We are constrained to reach a contrary conclusion.
*21 With respect to the time limitations applicable to an insured's action for recovery of personal injury protection (PIP) benefits allegedly due him under his no-fault coverage, N.J.S.A. 39:6A-13.1(a) provides in pertinent part that
Every [such] action shall be commenced not later than 2 years after the injured person or survivor suffers a loss or incurs an expense and either knows or in the exercise of reasonable diligence should know that the loss or expense was caused by the accident, or not later than 4 years after the accident whichever is earlier....
Plaintiff Christian J. Ochs was injured on November 10, 1974 when the motorcycle he was riding was struck by an automobile. At that time Ochs was also the owner of an automobile insured by defendant Federal Insurance Company (Federal). He sustained serious injuries in the accident requiring several extended periods of hospitalization and incurred during the ensuing four years medical expenses exceeding $60,000.
An initial inquiry made of Federal's agent on plaintiff's behalf resulted in the information that since he was injured while operating a motorcycle, the policy afforded no PIP benefits. Two years following the accident this court, in Hoglin v. Nationwide Mut. Ins. Co., 144 N.J. Super. 475 (App.Div. 1976), voided the standard motorcycle exclusion in no-fault policies insofar as it attempted to exclude PIP coverage when the motorcyclist was involved in a collision with an automobile. Thereafter plaintiff made demand upon Federal for payment of PIP benefits and, on May 8, 1978, following Federal's refusal to honor the claim, plaintiff commenced this action against Federal seeking recovery of PIP benefits.[1]
Both parties moved for summary judgment. Defendant took the position that where multiple and successive expenses are incurred, N.J.S.A. 39:6A-13.1(a) bars an action for recovery *22 of PIP benefits unless it is brought within two years after the incurring of the first medical expense. Plaintiff apparently construed the section as permitting the suit to be brought at any time until the expiration of the four-year period following the date of the accident, arguing further that the encompassed two-year period of limitations does not start to run so long as expenses are still being incurred. The trial judge agreed with plaintiff, granting him summary judgment against Federal, apparently in respect of all of his expenses incurred as a result of the accident. In so holding, the trial judge was apparently unaware of the decision of this court in Danilla, supra, which had held that recovery of all expenses is barred, despite compliance with the four-year requirement, if the suit is not brought within two years following the incurring of the first expense. Nor does the record suggest that either party brought Danilla to the trial judge's attention. While we are persuaded that the trial judge's interpretation of the statute in question was incorrect, we also disagree with Danilla's restrictive construction thereof which we believe produces unduly harsh results which are not only beyond the express statutory mandate but which are also contrary to what we perceive to have been the remedial purposes of the no-fault law. In our view, the statute properly construed permits recovery of PIP benefits if the action is brought within four years from the date of the accident but that it limits the extent of recovery to those expenses incurred within the two-year period immediately preceding the date of suit.
Danilla recognized an ambiguity in the statutory language rendering it susceptible to either its interpretation or to ours. It opted, however, for the more restrictive interpretation on the general perception that such a construction "more readily comports with the purpose and function of statutes of limitation," adding that "We do not deem it likely ... that the Legislature would have chosen to adopt a statute of limitations which would begin to run each time a new medical expense related to the accident was incurred." 168 N.J. Super. at 519. If the statute contained only the two-year limitation without the "whichever is *23 earlier" alternative of the four-year limitation, we would readily agree with our brethren since any other construction would leave a carrier open to damage claims indefinitely without the concomitant of a timely liability adjudication having been made. It is our view, however, that the impact of the juxtaposed four-year limitation substantially undercuts the Danilla rationale.
We start with the proposition that the generally acknowledged judicial obligation to liberally construe remedial legislation is, in the case of the no-fault law, underscored by the express legislative charge to the effect, N.J.S.A. 39:6A-16, mandating such liberal construction in order to effect the purposes of the law. One of those purposes, as stated by N.J.S.A. 39:6A-4(a), is the prompt payment by the insured's carrier of "all reasonable medical expenses incurred as a result of personal injury sustained in an automobile accident." See Hagains v. Government Employees Ins. Co., 150 N.J. Super. 576 (Law Div. 1977). We are also appreciative of the need for repose. We therefore recognize that the unavoidable consequence of statutes of limitations which effectuate the policy of repose is the loss of claims which have become stale, however meritorious they might otherwise be. But in our view the need for repose does not require the loss of a meritorious claim which is not stale within the literal statutory language and which is, further, entitled to solicitous protection as a matter of express statutory policy.
If the no-fault law had contained no special limitations provision, we are satisfied that the general six-year statute of limitations of N.J.S.A. 2A:14-1 would apply in respect of direct claims by an insured against his carrier for the PIP benefits provided for in the policy of insurance.[2]N.J.S.A. 39:6A-13.1(a), therefore, *24 reduces the otherwise applicable time limitation by imposing an absolute maximum period of four years from the date of the accident in which the action for PIP benefits must be commenced. The carrier is thereby assured, unless it should make voluntary PIP payments in the interim, that the passage of four years from the date of the accident will absolutely bar an action against it for PIP benefits irrespective of such considerations as a plaintiff's delayed discovery of accident-connected injuries or a delayed appreciation of the causal connection between the accident and consequent injuries. Cf. Bell v. Western Employer's Ins. Co., 173 N.J. Super. 60 (App.Div. 1980). The carrier is thus afforded full and complete protection against stale claims by the four-year provision. That being so, we are persuaded that there must be concomitant liberality in interpreting the encompassed two-year limitation. Under our construction of the statute, it bars recovery only of those expenses which are more than two years old when suit is brought and not those expenses which were incurred within the two-year period prior to suit, provided only that the suit is commenced within the four-year period. We regard this construction as sensibly accommodating both the policy of liberal construction and the policy of repose without doing any violence to the language of the limitations provision. Completely disregarding the two-year limitations, as plaintiff would have us do, would result in doing violence to the statute. On the other hand, Danilla's reading of the statutory phrase, "suffers a loss or incurs an expense," as if it had expressly stated "suffers his first loss or incurs his first expense" also does violence by adding an unnecessary qualification to the statute which was neither provided nor intended by the Legislature and which upsets the delicate balance between countervailing and competing policies which the Legislature achieved by its provision of the four-year maximum period *25 encompassing a subsumed two-year period. It is for these reasons that we disagree both with Danilla and the court below.
The summary judgment entered below is modified to the extent that it included recovery for expenses and losses incurred prior to the two-year period next preceding the commencement of this action. We remand to the trial court for recalculation, in accordance with this opinion, of the recovery to which plaintiff is entitled.
ALLCORN, P.J.A.D. (dissenting).
I would reverse in its entirety the judgment in favor of plaintiff for the reasons set forth by this court in its opinion in Danilla v. Leatherby Ins. Co., 168 N.J. Super. 515 (App.Div. 1979); see, also, Bell v. Western Employer's Ins. Co., 173 N.J. Super. 60 (App.Div. 1980).
NOTES
[1] It is clear that plaintiff's reliance on the void exclusion did not constitute grounds for invoking the discovery rule which defers the accrual of a cause of action. See Evernham v. Selected Risks Insurance Company, 163 N.J. Super. 132 (App.Div. 1978), certif. den. 79 N.J. 479 (1979).
[2] We note the suggestion in Danilla, supra, 168 N.J. Super. at 519, that in the absence of the specific provision in the no-fault law, the two-year statute of limitations provided by N.J.S.A. 2A:14-2 would apply. We do not, however, regard an action by an insured against his carrier for benefits provided by the policy to be based on an injury to the person within the intendment of N.J.S.A. 2A:14-2. It is, to the contrary, an action for recovery on a contractual claim within the intendment of N.J.S.A. 2A:14-1.