JOYCE E. GULLA, PLAINTIFF, v. ALLSTATE INSURANCE COMPANY, DEFENDANT.

Superior Court of New Jersey
Law Division Burlington County

Decided April 3, 1981.

*Steven Warm* for plaintiff.

*Francis X. Ryan* for defendant (*Green & Lundgren*, attorneys).

HAINES, J. S. C.

Plaintiff was involved in an automobile accident on May 29, 1976. She claims that personal injuries resulted which prevented her from performing normal household chores. Medical benefits were paid to her by defendant, pursuant to *N.J.S.A.* 39:6A–4, through October 29, 1979. The complaint in this action was filed on May 16, 1980; it seeks essential services benefits

under *N.J.S.A.* 39:6A–4 c. The services were performed by a domestic once a week at a cost of $20–$25. Defendant claims that recovery is limited to $12 a day, and that, in any event, the action is barred by the provision of *N.J.S.A.* 39:6A–13.1 a, which provides:

> Every action for the payment of benefits set forth in sections 4 and 10 of this act, except an action by a decedent's estate, shall be commenced not later than 2 years after the injured person or survivor suffers a loss or incurs an expense and either knows or in the exercise of reasonable diligence should know that the loss or expense was caused by the accident, or not later than 4 years after the accident whichever is earlier, provided, however, that if benefits have been paid before then an action for further benefits may be commenced not later than 2 years after the last payment of benefits.

The defense argument ignores the provisions of the last clause in the above statute. The "benefits" to which it refers must be read as meaning those referred to at the beginning of the statute, namely, "benefits set forth in Sections 4 and 10 of this act," a reference to numerous benefits, including the payment of medical expenses. Those expenses were paid within two years of the commencement of this action; it seeks "further benefits" and is therefore maintainable. The statutory language is clear; it requires no interpretation.

*N.J.S.A.* 39:6A–4 c provides:

> Payment of essential services benefits to an injured person shall be made in reimbursement of necessary and reasonable expenses incurred for such substitute essential services ordinarily performed by the injured person for himself, his family and members of the family residing in the household, subject to an amount or limit of $12.00 per day. Such benefits shall be payable during the life of the injured person and shall be subject to an amount of limit of $4,380.00, on account of injury to any one person in any one accident.

Defendant contends that this language limits the plaintiff's recovery to $12 for each day that actual services were performed. On this theory she may recover only $12 a day for services which cost her $20–$25. It is plaintiff's position that the statute permits a recovery of *either* $12 a day for each day of the disability, whether or not payment for services was made on a daily basis, or $4,380.00, whichever is less. The statute is remedial; it is to be given a liberal construction. *Ochs v. Federal Ins. Co.*, 177 *N.J.Super.* 19 (App.Div.1980).

Plaintiff's interpretation satisfies that rule of construction. Nothing in the language of the law prevents that reading. It is adopted here for the purpose of calculating any recovery to which plaintiff is entitled.

This approach is in the interest of both parties. Were the statute interpreted as the defendant suggests, a knowing claimant, who needed essential services of only one day a week, would have them performed over seven short days instead of one long one, recovering $84 (7 × $12) instead of the one day cost of $20–$25. Excessive recoveries will not be permitted under the rule here adopted: only "necessary and reasonable expenses" may be reimbursed.