189 N.J. Super. 231 (1983)
459 A.2d 1195
DORIS STILL, PLAINTIFF-APPELLANT,
v.
THE OHIO CASUALTY INSURANCE COMPANY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 12, 1983.
Decided April 21, 1983.
*232 Before Judges FRITZ, JOELSON and PETRELLA.
Ira Rabkin argued the cause for appellant (Molotsky, Rabkin & Gross, attorneys).
F. Michael Daily, Jr. argued the cause for respondent (Montano, Summers, Mullen & Manuel, attorneys).
The opinion of the court was delivered by FRITZ, P.J.A.D.
This appeal from a summary judgment in favor of defendant is yet another chapter in the volume of cases considering statute of limitations questions in matters arising out of claims under the New Jersey Automobile Reparation Reform Act (N.J.S.A. 39:6A-1 et seq.), commonly referred to as the No-Fault Act. As does its predecessors referred to herein, it involves consideration *233 of the intent of the Legislature in the enactment of N.J.S.A. 39:6A-13.1. It is a variation on the theme of Bell v. Western Employer's Ins. Co., 173 N.J. Super. 60 (App.Div. 1980), and focuses upon the reserved question appearing in Ochs v. Federal Ins. Co., 90 N.J. 108, 112, n. 1 (1982). While the trial judge delivered the matter to us without any findings of fact whatsoever (see R. 4:46-2 and 1:7-4 employing the word "shall") and neglected to advise us of the reasoning he employed in reaching his conclusions except for a bare reference to Bell v. Western Employer's Ins. Co., supra (a case not on all fours with this one), we believe the determination dismissing the complaint was correct and we affirm.
Ordinarily when a trial judge neglects his duty to detail his findings of fact we remand in order that he may do what he should have done in the first place. Here, however, there seems to be no dispute respecting the dates of the significant events and the issue on appeal is limited to the statute of limitations question. Accordingly, we shall invoke R. 2:10-5 and, to the extent necessary, exercise original fact finding jurisdiction.
Plaintiff was injured on December 7, 1975. She filed a timely application for personal injury protection (PIP) benefits and was paid for expenses incurred through April 29, 1976, the last payment being made on September 24, 1976. By letter of May 24, 1976, defendant advised counsel for plaintiff that it would "afford no further PIP benefits to Doris Still, effective May 20, 1976." Plaintiff incurred further expense for prescriptions, corrective shoes, examinations and treatments, for which reimbursement was sought by a letter from counsel dated December 16, 1976. This letter indicates that nonreimbursed expenses were obtained at least as early as June 24, 1976. Defendant, having obtained a medical opinion on March 31, 1977 denying causal relationship between the accident and the nonreimbursed treatment, again declined further payment and advised plaintiff's counsel of this by letter dated April 14, 1977. More than a year and a half later, on November 28, 1978, plaintiff filed her complaint in the Superior Court.
*234 Plaintiff relies in large part on Andrito v. Allstate Ins. Co., 161 N.J. Super. 409 (Cty.D.Ct. 1978), a case probably overruled by virtue of its fundamental disagreement with Danilla v. Leatherby Ins. Co., 168 N.J. Super. 515 (App.Div. 1979), particularly in view of the fact that the latter case bears the stamp of approval of the Supreme Court in Ochs v. Federal Ins. Co., supra. Ochs expressly finds unpersuasive the trial judge's agreement with plaintiff's argument "that the statute permits `suit to be brought at any time until the expiration of the four year period following the date of the accident' and that `the encompassed two-year period of limitations does not start to run so long as expenses are still being incurred.'" 90 N.J. at 114.
Plaintiff also seeks refuge in Bell v. Western Employer's Ins. Co., supra. (As noted above the trial judge depended solely on Bell to discuss plaintiff's complaint.) The reliance is misplaced. In Bell, suit was commenced not only within four years after the accident, but "within two years after [plaintiff's] treatment recommenced." 173 N.J. Super. at 65. Such was not the case here where plaintiff's treatment "recommenced" at least two years and five months prior to the institution of suit.
While we are not necessarily in agreement with all that is said in Bell  and the disparity in circumstances between that case and this makes it both unnecessary and undesirable here to discuss our differences  we agree that the proviso of N.J.S.A. 39:6A-13.1a was intended to "authorize something otherwise barred." 173 N.J. Super. at 65. In the matter before us it is undeniable that without that proviso plaintiff would have been barred by the statute. Ochs and Danilla, both supra.
The new question, then, and the one we must resolve is the intent of the proviso. We are saved from extended cerebration and exposition in this respect by virtue of the plain meaning of the words of that clause. As is observed in State v. Butler, 89 N.J. 220 (1982):
As a general rule of statutory construction, we look first to the language of the statute. If the statute is clear and unambiguous on its face and admits of *235 only one interpretation, we need delve no deeper than the act's literal terms to divine the Legislature's intent. [At 226]
It would be difficult to improve upon the clarity of words expressing limitation in terms of "not later than 2 years after the last payment of benefits." N.J.S.A. 39:6A-13.1 a (emphasis supplied).
While extended discussion is thus obviated, it is reassuring to note that the result thus required is agreeable with the philosophy of Ochs and Danilla. Further, while we believe that Lind v. Insurance Co. of North America, 174 N.J. Super. 363 (Law Div. 1980), may well represent judicial intrusion on the legislative prerogative and a disregard for the doctrine of separation of powers, we are gratified to observe that even the far reach there (which with candor ignores the statute apparently for the purpose of "correcting inequities that may exist in the statutes," 174 N.J. Super. at 369) would not avail plaintiff here. In Lind suit was instituted two months after refusal of payment by the carrier. Here plaintiff delayed through more than one refusal, finally instituting suit 2 1/2 years after the carrier said it would pay "no further PIP benefits to Doris Still."
We would be remiss in concluding without a word respecting the presentation by counsel for plaintiff. In the first place, he failed to provide a transcript of the motion proceedings until compelled to do so by the court after the appeal was otherwise perfected and calendared. He omitted this essential requirement on the theory that the appeal "is, essentially, an Appeal from the granting of a Motion by the said trial Judge below, and there was no testimony, there is no requirement for transcript (or deposit necessary for transcript)." Inasmuch as there was no written opinion and the order was even more uninformative than the transcript turned out to be, this unilateral determination by counsel not to produce a transcript left us wholly unaware of why the judge had done what he did. We quote with emphatic approval the comment appearing in Pressler, Current N.J. Court Rules, Comment R. 2:5-3:

*236 The 1972 amendment added one additional variation to the abbreviation scheme, and that is the omission from the transcript of legal argument of counsel. Legal argument generally has no greater significance in the context of the issues posed on appeal than do openings and closings, and where the proceedings below consist primarily of legal argument, such as in summary judgment motions and prerogative writ actions and county court appeals tried on a record, there is ordinarily nothing to be gained by requiring their transcription. This provision, of course does not apply to the judge's oral finding and conclusions and should not apply to colloquy participated in by the judge which would give an appellate court insight into his reasoning. (Emphasis supplied)
Additionally, counsel for plaintiff failed to furnish a table of citations in his brief. R. 2:6-2(a)(2).
The Rules which deal with appellate briefs are few in number, easy to understand and simple to follow. Each Rule was adopted for a specific reason. Together, they contribute to make the administration of justice smoother and more expeditious. Any violation of the Rules makes it more difficult for the courts to operate, slows down the administration of justice and increases its cost. Violations cannot and will not be tolerated.
Affirmed.