ANGEL RIVERA AND RAMONA RIVERA, PLAINTIFFS-APPELLANTS, v. PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, SUBSIDIARY OF THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued October 29, 1984—Decided November 9, 1984.

Before Judges MORTON I. GREENBERG, O'BRIEN and GAYNOR.

*Steven J. Boda* argued the cause for appellants (*Juman & Juman*, attorneys).

*Thomas M. Kelly* argued the cause for respondent (*Morley, Cramer, Tansey, Haggerty & Fanning*, attorneys).

The opinion of the court was delivered by

MORTON I. GREENBERG, P.J.A.D.

This case arises from dismissal of claims by plaintiffs for personal injury protection benefits (PIP) under the No-Fault Act (*N.J.S.A.* 39:6A–1 *et seq.*) on the ground that the action was barred by the statute of limitations. *N.J.S.A.* 39:6A–13.1. The claims derive from an accident on July 15, 1979. On that date plaintiff Angel Rivera was operating his automobile which was insured by defendant Prudential Property and Casualty Insurance Company. The policy, of course, included PIP coverage. Plaintiff Ramona Rivera was a passenger in the vehicle. At that time plaintiffs were injured as a result of a collision with another vehicle. They were treated for the injuries by a physician and defendant paid the bills pursuant to the PIP coverage.

On January 24, 1980 at the request of defendant, Dr. Morton Farber examined plaintiffs. Farber recommended termination of their medical treatments. By letter of February 25, 1980 defendant notified plaintiffs that they were entitled to no further PIP benefits. The parties are in agreement that payments for all plaintiffs' medical expenses were made up to the date of the letter. Notwithstanding defendant's position, plaintiffs resumed treatments on March 31, 1980 which continued into 1982. But defendant did not pay for these additional treatments. Further at no time did defendant provide income continuation benefits.

On February 23, 1982, plaintiffs filed an action, which defendant does not contend was untimely, to recover medical and income continuation benefits from defendant. Because of plaintiffs' failure to answer interrogatories this action was dismissed by an *ex parte* order submitted by defendant on November 24, 1982. Among the interrogatories not answered were questions pertaining to lost wage claims. On December 14, 1982 plaintiffs filed a motion seeking a vacation of the dismissal and restoration of their case to the active trial list. Simultaneously they served some answers to the interrogatories.[1] Defendant objected to the motion on the ground of the inadequacy of these answers. Plaintiffs' motion was denied.

On May 3, 1983 plaintiffs again sought an order vacating the November 24, 1982 order. Defendant again objected. No hearing was held on plaintiffs' request which seems to have been made simply by the submission of a proposed order to the court. Thus the complaint remained dismissed. On May 24, 1983 plaintiffs filed a third motion returnable June 3, 1983 to vacate the dismissal and to reinstate the case. In an affidavit plaintiffs' attorney said he had been unable to obtain information on the lost wage claim. Defendant again objected to the motion which plaintiffs then abandoned. Plaintiffs made no further efforts to revive the action of February 23, 1982 and thus it remains dismissed.

Plaintiffs instituted a second suit on June 7, 1983 seeking to recover the PIP benefits for the resumed treatments. Defendant filed a motion for summary judgment dismissing the second action on the ground it was barred by the statute of limitations. After oral argument on the motion the judge in reliance on *N.J.S.A.* 39:6A–13.1(a) and *Bell v. Western Employ-*

---

[1] We observe that plaintiffs' attorney in an affidavit dated December 13, 1982 attributed his failure to answer interrogatories to "secretarial inadvertence and neglect." We are not impressed with this statement for as he said he was responsible for the case. Further plaintiffs were unable to get certain information needed to answer some of the questions.

*er's Ins. Co.*, 173 *N.J.Super.* 60 (App.Div.1980) dismissed the action. He noted the second action was filed three and one-half years after the last PIP payment. Thus in his view the two-year limitation period of *N.J.S.A.* 39:6A–13.1(a) barred the case. The judge ruled the pendency of the first action did not toll the running of the statute of limitations. He considered the second action was an attempt to revive indirectly the first case. On September 16, 1983 an order for summary judgment in favor of defendant dismissing the action was entered. Plaintiffs have appealed from that order.

The situation here is similar to that in *Zaccardi v. Becker*, 88 *N.J.* 245 (1982). *Zaccardi* was a medical malpractice case originally filed on January 20, 1976 for malpractice allegedly committed on March 12, 1974. The complaint was dismissed for failure to answer interrogatories on July 28, 1976. Notwithstanding the dismissal the case remained on the active trial calendar. On plaintiffs' motion the matter was restored February 10, 1978 but on September 28, 1978 the Appellate Division reversed the order restoring the case. Thus the dismissal was reinstated. On November 17, 1978 plaintiffs brought a second action identical to the first. The trial judge dismissed the action holding it barred by the statute of limitations. The Appellate Division affirmed but the Supreme Court reversed.

The Supreme Court held that statutes of limitations will not be applied when they unnecessarily sacrifice individual justice. 88 *N.J.* at 259. It indicated that if plaintiffs had filed a second complaint in July 1976 when the first complaint was dismissed, the case would not have been dismissed. *Ibid.* Of course that would have been more than two years after the alleged malpractice and thus ordinarily would have been barred by the statute of limitations. *N.J.S.A.* 2A:14–2. Nevertheless the Court thought that justice would have required the outcome. In fact the Court allowed the longer delay until November 17, 1978 because defendant had wrongfully failed to advise the

court of the dismissal and had lured plaintiffs into thinking the original complaint could be pursued.

There is no question but that *Zaccardi* is indistinguishable from this action insofar as plaintiffs here on November 24, 1982 were in the same position as those in *Zaccardi* when the first complaint was dismissed in that case. If plaintiffs here had instituted the second case immediately upon dismissal of their first action there can be no doubt but that under *Zaccardi* the two-year statute of limitations in *N.J.S.A.* 39:6A–13.1(a) would not have barred the action even though at that time they had incurred unpaid medical bills more than two years earlier. It is true that the reason for the delay in refiling after the original dismissal here is different from that in *Zaccardi* for in this case plaintiffs were not misled by defendant. But we find the distinction to be immaterial. Plaintiffs three times attempted to have the action restored. Six and one-half months after the dismissal they brought the second complaint. Plainly *Zaccardi* allows some delay in the reinstitution of the suit after the dismissal, provided good cause is shown. Here we find good cause in plaintiffs' attempts to reinstate the case. And we can discern no prejudice to defendant by allowing the second case. Defendant does not assert that Dr. Farber is unavailable. It makes no suggestion that its records were destroyed. Indeed the affidavit of defendant's employee Edward J. Miller dated August 11, 1983 in support of the motion for summary judgment recites he examined the complete file in this matter. Finally the period of delay in reinstituting the second case was not so extensive so that defendant could have reasonably considered the matter as closed. We are satisfied that weighing the equities of the case the action should proceed. *Cf. Lopez v. Swyer*, 62 *N.J.* 267, 275–276 (1973) (specifying equitable considerations when discovery rule is sought to be applied to extend the period of limitations).

*Bell v. Western Employer's Ins. Co., supra,* 173 *N.J.Super.* at 60, relied upon by the trial judge is not controlling here.

That case dealt with computation of time for actions under *N.J.S.A.* 39:6A–13.1(a) but was not concerned with the effect of an intervening action. In deciding this case we assume that standing alone the second action, having been brought more than two years after both the last compensated medical expenses and the incurring of medical expenses for which defendant did not pay compensation, would have been untimely. *See Ochs v. Federal Ins. Co.,* 90 *N.J.* 108 (1982); *Still v. Ohio Cas. Ins. Co.,* 189 *N.J.Super.* 231 (App.Div.1983); *Bell v. Western Employer's Ins. Co., supra,* 173 *N.J.Super.* at 65; *Danilla v. Leatherby Insurance Company,* 168 *N.J.Super.* 515 (App.Div. 1979).

■ In reaching our result we do not intend to imply that when a first action is dismissed because of a plaintiff's failure to answer interrogatories, a court in judging the timeliness of a second case for the same cause for action simply weighs the equities of the case. Certainly as an outside limit the second case would have to be brought no later than within a period equal to the time allowed by the statute of limitations measured from the time of the dismissal. Further even that limit could not be approached if the plaintiff did nothing to prosecute the action for a substantial time after the dismissal. A plaintiff desiring to reinstitute an action dismissed after the statute of limitations has run must move with dispatch.

The judgment of September 16, 1983 is reversed. The matter is remanded to the Superior Court, Law Division, Middlesex County, Special Civil Part, for further proceedings not inconsistent with this opinion. We do not retain jurisdiction. No costs are allowed on this appeal.[2]

---

[2]We note defendant in its answer demanded a trial by jury. Pursuant to our decision in *Manetti v. Prudential Property and Cas. Ins. Co.,* 196 *N.J.Super.* 317 (App.Div.1984), the trial should be nonjury.