753 A.2d 166 (2000)
332 N.J. Super. 230
Gary KUBIAK, Jr., and Susan Kubiak, Individually and as Parents and Natural Guardians of the Minor Plaintiff, Dana Kubiak, Plaintiffs-Appellants,
v.
ROBERT WOOD JOHNSON UNIVERSITY HOSPITAL, Defendant-Respondent/Cross-Appellant, and
David Sharlin, M.D., Glenn Palsky, M.D., and Delaware Valley Pediatric Associates, P.A., Defendants-Respondents, and
Imra Chaudhri, M.D., Defendant.
Superior Court of New Jersey, Appellate Division.
Argued January 3, 2000.
Decided June 26, 2000.
*167 Michael S. Levin, Bordentown, for plaintiffs-appellants (Flager & Yockey, attorneys; Mr. Levin and J. Davy Yockey, on the briefs).
Lauren H. Walter, for defendant-respondent/cross-appellant Robert Wood Johnson University Hospital (Ronan, Tuzzio & Giannone, attorneys; Ms. Walter, on the briefs).
Joseph R. Lang, Morristown, for defendants-respondents Dr. David Sharlin, Dr. Glenn Palsky and Delaware Valley Pediatric Associates, P.A. (Lenox, Socey, Wilgus, Formidoni & Casey, attorneys; Mr. Lang, on the brief).
Before Judges HAVEY, A.A. RODRÍGUEZ and COLLESTER.
The opinion of the court was delivered by RODRIGUEZ, A.A., J.A.D.
The novel issue presented in this appeal is whether dismissal of a medical malpractice complaint for failure to provide a timely affidavit of merit, as required by N.J.S.A. 2A:53A-27, the Affidavit of Merit Statute (AMS), should be without prejudice because the action is prosecuted on behalf of a minor. We hold that, although the two-year personal injury statute of limitations, N.J.S.A. 2A:14-21, is tolled during an injured person's minority, once an action is filed on behalf of the minor, failure to comply with the AMS will result in a dismissal with prejudice.

I
The pertinent facts are as follows. On July 4, 1996, four-year old Dana Kubiak was treated by Imran Chaudhri, M.D., an emergency room physician at Robert Wood Johnson University Hospital (Hospital), for a laceration to her right middle finger. Dr. Chaudhri sutured the finger to close the wound. Plaintiffs claim that Dr. Chaudhri committed an act of medical malpractice by failing to recognize the severe tendon damage caused by the laceration. Several days later, the stitches were removed by David Sharlin, M.D., the family's pediatrician. They further allege that Dr. *168 Sharlin failed to recognize the extent of the tendon damage and to take the medical steps necessary to repair the damaged tendon.
Dana's parents, Gary Kubiak, Jr. and Susan Kubiak (plaintiffs), sued Dr. Chaudhri and his employer, the Hospital. Plaintiffs also sued Dr. Sharlin, his partner Glenn Palsky, M.D., and their professional association Delaware Valley Pediatrics (collectively "DV Pediatrics"). Before suit was filed, plaintiffs' counsel obtained an outline prepared by Jeffrey A. Lindenbaum, D.O., a physician who is board-certified in family practice. This outline indicated that plaintiffs had a "valid claim" against all defendants. However, this outline was not provided to defendants.
DV Pediatrics answered the complaint and moved 139 days later to dismiss plaintiffs' complaint for failure to provide a timely affidavit of merit. DV Pediatrics also challenged Dr. Lindenbaum's qualification to provide an affidavit of merit because he is not a pediatrician. The Hospital also filed a motion to dismiss the complaint for failure to provide a timely affidavit 98 days after filing its answer. Plaintiffs responded by providing to the Hospital and DV Pediatrics affidavits of merit by Dr. Lindenbaum and Steven Costalas, D.O., a board-certified physician in Emergency Medicine.[1]
At oral argument on the motion, the judge asked why plaintiffs failed to provide a timely affidavit of merit to the defendants. Plaintiffs' counsel explained that it was due to "an oversight of counsel." He added: "I didn't recognize we didn't have it." The judge concluded that plaintiffs' explanation did not constitute good cause. Accordingly, the judge granted DV Pediatrics' and the Hospital's motions and dismissed the complaint with prejudice.
Plaintiffs moved for reconsideration. Upon reconsideration, the judge denied plaintiffs' motion as to DV Pediatrics. As to the Hospital, the judge granted the motion because the Lindenbaum and Costalos affidavits were submitted within 120 days of the filing of the Hospital's answer. These are interlocutory orders because at the time of this entry, defendant, Imran Chaudhri, M.D., had not yet been served with the summons and complaint. As such, plaintiffs moved for leave to appeal from the denial of their motion for reconsideration as to DV Pediatrics. We granted leave.[2] The Hospital cross-appealed as to the order reinstating plaintiffs' complaint against it.
On appeal, plaintiffs contend that the judge erred in dismissing their claim with prejudice because: (1) the AMS is ambiguous; (2) plaintiffs substantially complied with the AMS' requirements; and (3) extraordinary circumstances existed.

II
At the outset, we note a deficiency which unnecessarily burdened our appellate review. Specifically, plaintiffs' counsel failed to comply with Rule 2:6-1(c) because their appendix's table of contents does not "indicate the initial page of each document, exhibit or other paper included...." The rule requires that "attachments to a document by way of affidavits, exhibits or otherwise shall each be separately identified in the table of contents and the initial page of each such attachment noted therein." Ibid. (emphasis added). The purpose of this rule is to provide easy access to the individual items contained in the appendix. The rule is not burdensome. However, a *169 litigant's failure to abide by this rule can be quite burdensome on this court because it requires us to waste time flipping page by page through the appendix to locate a specific item. When, as frequently happens, the appendix is voluminous the process is similar to searching for the proverbial needle in a haystack.

III
Plaintiffs' first contention is that the AMS is ambiguous as to when the sixty-day period for submitting an affidavit of merit begins to run. We disagree. The AMS was enacted in 1995 as part of a comprehensive package of tort reform bills passed in an effort "to `bring common sense and equity to the state's civil litigation system.'" Alan J. Cornblatt, P.A. v. Barow, 153 N.J. 218, 228, 708 A.2d 401 (1998) (quoting Office of the Governor, News Release 1 (June 29, 1995)). The AMS provides in pertinent part:
In any action for damages for personal injures, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause.

[N.J.S.A. 2A:53A-27.]
The purpose of this statute "was to require plaintiffs in malpractice cases to make a threshold showing that their claim is meritorious." In re Petition of Hall, 147 N.J. 379, 391, 688 A.2d 81 (1997). Failure to provide this threshold showing "constitutes a failure to state a cause of action against that defendant." Id. at 390, 688 A.2d 81 (citing N.J.S.A. 2A:53A-29). Therefore, where a plaintiff fails to comply with the filing requirements of the statute, a motion to dismiss should be granted "with prejudice in all but extraordinary circumstances." Cornblatt, supra, 153 N.J. at 242, 708 A.2d 401.
Plaintiffs allege that they failed to provide DV Pediatrics with a timely affidavit of merit because it interpreted the statute to require that it "be provided within no later than 120 days after the filing of the last filed answer." Therefore, plaintiffs argue that, in cases involving multiple defendants, the AMS requires that all answers be filed before the sixty-day period begins to run. This is simply not so. As the Supreme Court has held, the AMS mandates that "the plaintiff, within sixty days of the filing of an answer to the complaint by each defendant, must provide that defendant with an affidavit." In re Petition of Hall, supra, 147 N.J. at 390, 688 A.2d 81 (emphasis added).
Plaintiffs argue, in the alternative, that the doctrine of substantial compliance should be applied here in order to avoid a "technical defeat" of their valid claims. Cornblatt, supra, 153 N.J. at 239, 708 A.2d 401. They assert substantial compliance with the filing requirements of the AMS because they "obtained the functional equivalent of an affidavit of merit from a suitably licensed practitioner in advance of the time [the] affidavits were required of the plaintiffs." This, however, is not substantial compliance. The AMS requires that a plaintiff "shall provide each defendant with [the] affidavit," not merely obtain same. N.J.S.A. 2A:53A-27. Moreover, in Burns v. Belafsky, 326 N.J.Super. 462, 468, 741 A.2d 649 (App.Div.1999), certif. granted, 164 N.J. 189, 752 A.2d 1291 (2000), we held that the substantial compliance doctrine is implicated only in the narrow context "where a certification was *170 used in lieu of an affidavit." We observed that "[t]he Supreme Court set forth the requisite circumstances justifying invocation of the substantial compliance doctrine." Id. at 468-69, 741 A.2d 649. One such circumstance would include "`at the very least the timely filing of a certification otherwise complying with all the specifications for an Affidavit of Merit....'" Id. at 469, 741 A.2d 649 (quoting Cornblatt, supra, 153 N.J. at 240, 708 A.2d 401). Here, no such timely filing of a certification occurred.

IV
Plaintiffs also contend that the judge erred in dismissing the complaint with prejudice because of the following extraordinary circumstance; Dana is a minor and "incapable of acting for herself until attaining the age of eighteen." Therefore, the dismissal of the complaint filed on her behalf "is patently unjust" and "impermissibly abrogates [her] ... substantive rights under N.J.S.A. 2A:14-21," which tolls the statute of limitations for minors until such time as they reach the age of eighteen. Plaintiffs also argue that the Tort Claims Act (N.J.S.A. 59:1-1 to 12-3) has, in effect, expressly recognized a minor's status to be an "extraordinary circumstance." Specifically, the Tort Claims Act provides for the late filing of a notice of a minor's or incompetent person's claim until such time as the person comes to "full age or sane mind." N.J.S.A. 59:8-8. Plaintiffs assert that the Legislature's purpose in providing this safety valve demonstrates their concern for "the interests of minors" and that "a similar rule of fundamental fairness must be implied [in the AMS] where ... the plaintiff is a minor."
Plaintiffs acknowledge, however, that the Legislature expressly provided, by statute, the tolling of civil claims and tort claims filed against public entities by minors. Yet, the Legislature did not provide an exception for minors in the filing requirements set by the AMS. This omission is telling and in other contexts, similar omissions have been dispositive. See Scharwenka v. Cryogenics Management, Inc., 163 N.J.Super. 16, 21-22, 394 A.2d 137 (App.Div.1978) (refusing to extend tolling of a minor's dependency petition of workers' compensation benefits which was time barred under N.J.S.A. 34:15-41 because it did not expressly provide for an exception or qualification as to minors); Giantonio v. Reliance Ins. Co., 175 N.J.Super. 309, 314-15, 418 A.2d 303 (Law Div.1980) (refusing to extend tolling provision for infants in the statute of limitations for PIP benefits reasoning that the Legislature could have effortlessly done so had it been their intention).
Moreover, the AMS requires dismissal of a malpractice complaint because an affidavit of merit is not timely filed, not because a period of limitations has expired. The tolling of the period of limitations pursuant to N.J.S.A. 2A:14-21 and 59:8-8 is to protect the legal rights of the minor who cannot be "expected to understand or act upon [their] legal rights...." O'Connor v. Altus, 67 N.J. 106, 132, 335 A.2d 545 (1975). However, where, as here, a guardian ad litem pursues a child's claim on behalf of the minor, the guardian steps into the shoes of the minor and is obligated to comply with court rules and the applicable statutes. In short, a minor is protected from a parent's or guardian's inaction, but not from their improvident actions in the course of litigation. A dismissal for failure to comply with the AMS is not any different than a dismissal after plenary or summary adjudication. Under those circumstances, the minor is barred by the doctrine of res judicata from re-litigating the action.
Therefore, if a guardian pursues a malpractice action on behalf of a minor, a dismissal with prejudice will ensue if the AMS requirements are not met. Accordingly, we hold that plaintiffs have failed to meet the requirements of the AMS with respect to DV Pediatrics because they did not submit either an affidavit of merit within sixty days of the filing of the answer *171 or a motion to extend, for good cause, the sixty-day period. We also conclude that the fact of Dana's minority does not call for a dismissal without prejudice as a result of non-compliance with the AMS's requirement.

V
On cross-appeal, the Hospital argues that the judge erred in reconsidering the dismissal of plaintiffs' complaint against it. In Burns, supra, 326 N.J.Super. at 472, 741 A.2d 649, we held that "counsel's neglect qualifies as good cause thereby establishing the right to an extension [where] the affidavit filed sets forth a `threshold showing' of malpractice and [is] filed within the extension time period permitted by the statute." We reasoned that the Legislature, in preventing the filing of meritless claims, did "not intend[] to establish a period of limitation beyond which claims should be barred." Ibid. Although counsel's oversight "would not qualify as good cause to excuse a failure to file within the period set by a statute of limitations," the purpose of precluding stale claims is quite different than weeding out meritless claims. Ibid. We held that "[a]bsent demonstrable prejudice, `it is neither necessary nor proper to visit the sins of the attorney upon his blameless client.'" Id. at 471, 741 A.2d 649 (quoting Jansson v. Fairleigh Dickinson Univ., 198 N.J.Super. 190, 196, 486 A.2d 920 (App.Div.1985)).
Here, we have not been provided with a copy of the transcript containing the judge's reason for reconsideration. We do not know whether the judge considered any claims of prejudice to the Hospital. We therefore, remand to the Law Division for a determination of whether plaintiffs are entitled to an extension of the sixty-day period in which to file an affidavit of merit against the Hospital.
Accordingly, the summary judgment dismissing the complaint as to DV Pediatrics is affirmed, and the order reconsidering the dismissal of the complaint against the Hospital is reversed and remanded.
NOTES
[1] Both affidavits are very sparse. Their language is identical. The affidavits state:

I ... have reviewed the pertinent medical records relating to Dana Kubiak's lacerated right middle finger injury on or about July 4, 1996 and there is reasonable probability that the care and treatment given by the Defendants, Robert Wood Johnson University Hospital and Dr. Imran Chaudhri fell outside acceptable professional standards and practices.
[2] Kubiak v. Robert Wood Johnson Univ. Hosp., No. M-6161-98 (App.Div. July 8, 1999).