**RECORD IMPOUNDED**

NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0589-14T1

A.T., an infant by her mother
and natural guardian, T.T.,
and T.T., individually,

    Plaintiffs-Appellants,

v.

M. COHEN, M.D., KHALID SAVAGED,
M.D., CINDY GALOOTS,[1] CNM, JULIO
CABAN, M.D., BAOHUOING TRAN, M.D.,
and NEWARK BETH ISRAEL MEDICAL
CENTER,

    Defendants-Respondents.

> **APPROVED FOR PUBLICATION**
>
> **April 27, 2016**
>
> **APPELLATE DIVISION**

———————————————————————————

Argued January 20, 2016 — Decided April 27, 2016

Before Judges Fisher, Espinosa, and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-3796-13.

Alan Roth argued the cause for appellants (Bendit Weinstock, P.A. and Gary P. Falkowitz (Parker Waichman LLP), attorneys; Mr. Roth, on the briefs).

Lauren M. Strollo argued the cause for respondents (Vasios, Kelly & Strollo, P.A., attorneys; Ms. Strollo, of counsel and on the brief; Linda Fulop-Slaughter, on the brief).

———————————————————————————

[1] An amended complaint corrected the name of the defendant to Cindy Galeota.

The opinion of the court was delivered by

CURRIER, J.S.C. (temporarily assigned).

The issue in this medical malpractice case is whether the minor plaintiff can take a voluntary dismissal without prejudice to avoid a dismissal with prejudice of her complaint for the failure to provide an affidavit of merit (AOM) within the required timeframe. We conclude that Rule 4:37-1(b) cannot be used to circumvent the time strictures set forth in the AOM statute even if the statute of limitations has not yet expired. As a result, we affirm the trial judge's denial of the motion to take a voluntary dismissal and the granting of summary judgment to defendants.

T.T. brought this action individually and on behalf of her daughter A.T., asserting medical malpractice claims against all defendants. The complaint alleges that A.T. suffers from Erb's palsy as the result of a brachial plexus injury caused at her birth in 2011. An answer was filed on December 5, 2013 on behalf of all defendants with the exception of Savaged.

On April 7, 2014, defendants moved for summary judgment on the grounds that plaintiff[2] had failed to file an AOM as required

_____

[2] We refer to T.T. and A.T. collectively as plaintiff.

by N.J.S.A. 2A:53A-27.[3]  In opposition to the motion, plaintiff attached an AOM dated May 22, 2014.[4]  During oral argument on the motion, plaintiff's counsel requested the court permit the filing of a Rule 4:37-1(b)[5] motion before consideration of the pending summary judgment motion.  Counsel advised that the failure to file a timely AOM was an "oversight," and in response to a question from the judge, conceded that the firm did not have a "seasoned New Jersey medical malpractice attorney."[6]  The judge granted the request to adjourn the summary judgment motion for a month.

Present counsel entered an appearance as co-counsel for plaintiff and filed a motion for a voluntary dismissal under Rule 4:37-1(b).  At oral argument on that motion, counsel

---

[3] Pursuant to N.J.S.A. 2A:53A-27, a plaintiff has sixty days from the date of the defendant's answer to file an AOM.  The court may grant the plaintiff an additional sixty days "upon a finding of good cause."  Ibid.  The deadline for plaintiff to file an AOM was April 4, 2014.

[4] The AOM was authored by a physician specializing in the field of obstetrics/gynecology and opined that the care exercised in the treatment of plaintiff "fell outside acceptable professional standards as they apply to representatives and medical personnel of the Defendant, Newark Beth Israel Medical Center."

[5] Rule 4:37-1(b) states in pertinent part: "An action shall be dismissed at the plaintiff's instance only by leave of court and upon such terms and conditions as the court deems appropriate. . . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

[6] The principal office of counsel was located outside New Jersey.

requested leave to dismiss the complaint without prejudice, advising the judge that if his review of the file deemed it appropriate, he would re-file the complaint with an AOM. As A.T. was a minor, there remained many years prior to the running of the statute of limitations. Counsel also asked the judge to again adjourn the summary judgment motion, raising for the first time the constitutionality of the AOM statute.

The judge denied the additional adjournment and granted summary judgment to defendants, ruling that plaintiff's failure to file an AOM within the statutory period required the dismissal of her complaint with prejudice. She stated:

> The plaintiff seeks a dismissal without prejudice, on terms that if it gets re-filed then the Affidavit of Merit would be with it. That's . . . engaging in a fiction to make it look like I'd be doing something that . . . really wasn't allowed, which would be extending the time beyond the 120 days. . . . I would be extending the time for the Affidavit of Merit beyond the time set forth in the statute.

The judge also noted there was no vehicle in which to consider the constitutionality of the statute as no motion had been presented to her on that issue. She, therefore, declined to address that argument.

Plaintiff moved for reconsideration. In counsel's supporting certification, he sought a review of the judge's previous decision or "in the alternative to have the [c]ourt

declare the Affidavit of Merit Statute unconstitutional." In denying the motion, the judge reiterated her reasoning expressed during her original ruling and found that no new information had been presented to her. In addressing the constitutionality argument, she stated:

> If anybody wanted to raise that, you should have made a motion before I dismissed the case, notice to the defendant, opportunity to reply, notice to the Attorney General . . . . None of that happened. And it's not appropriate to raise it, even as minimally as it was raised in the papers, on a Motion for Reconsideration.

This appeal followed.

On appeal, plaintiff argues that (1) the judge erred in dismissing the case with prejudice; and (2) the AOM statute is unconstitutional as it invades the judiciary's power to regulate practice and procedure. We do not address the merits of plaintiff's constitutionality argument as we find it was not properly raised to the trial judge.[7] This court will "decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available unless the questions so raised on appeal go to the jurisdiction

---

[7] The argument was raised for the first time at oral argument on the summary judgment motion and then in a motion for reconsideration. The Attorney General was only noticed on the motion for reconsideration and did not enter an appearance in the trial court or in this appeal.

of the trial court or concern matters of great public interest." Selective Ins. Co. of Am. v. Rothman, 208 N.J. 580, 586 (2012) (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973)).

Plaintiff does not contest that her failure to file an AOM within the statutory timeframe required a dismissal of the complaint; rather, she argues that the judge should have granted a dismissal without prejudice under Rule 4:37-1(b) due to A.T.'s status as a minor. Plaintiff contends that, as there remain many years until the expiration of the statute of limitations, and there has been no prejudice to the defendants, the dismissal should be without prejudice "in the interest of justice and fairness."

A failure to comply with the AOM statute "generally requires dismissal with prejudice because the absence of an affidavit strikes at the heart of the cause of action." Paragon Contractors, Inc. v. Peachtree Condo. Ass'n, 202 N.J. 415, 422 (2010); see N.J.S.A. 2A:53A-29. Absent extraordinary circumstances, a failure to comply with the AOM statute requires a dismissal with prejudice. Cornblatt v. Barow, 153 N.J. 218, 247 (1998). "A dismissal for failure to submit an affidavit of merit is a violation of a statute rather than a court-imposed rule or order. The violation giving rise to the dismissal goes

to the heart of the cause of action as defined by the Legislature." <u>Id.</u> at 244.

Plaintiff does not assert the existence of extraordinary circumstances; she merely states that her failure to provide an AOM within the required statutory timeframe was an "oversight." The Supreme Court has determined that attorney inadvertence falls short of establishing extraordinary circumstances required to avoid a dismissal with prejudice. <u>Palanque v. Lambert-Woolley</u>, 168 <u>N.J.</u> 398, 405 (2001). <u>See also</u> <u>Burns v. Belafsky</u>, 326 <u>N.J. Super.</u> 462, 470 (App. Div. 1999) ("Carelessness, lack of circumspection, or lack of diligence on the part of counsel are not extraordinary circumstances which will excuse missing a filing deadline.") (quoting <u>Hyman Zamft and Manard v. Cornell</u>, 309 <u>N.J. Super.</u> 586, 593 (App. Div. 1998)).

Nonetheless, plaintiff asks us to circumvent the finality of the AOM statute by utilizing <u>Rule</u> 4:37-1(b) to dismiss her claim without prejudice with the ability to re-file her complaint with an AOM at a later time.

The decision whether to dismiss a matter without prejudice under <u>Rule</u> 4:37-1(b) lies within the judge's sound discretion. <u>Mack Auto Imports, Inc. v. Jaguar Cars, Inc.</u>, 244 <u>N.J. Super.</u> 254, 258 (App. Div. 1990). "In exercising that discretion, the court is chiefly required to protect 'the rights of the

defendant.'" Shulas v. Estabrook, 385 N.J. Super. 91, 97 (App. Div. 2006) (quoting Burke v. Cent. R. Co., 42 N.J. Super. 387, 397 (App. Div. 1956)). In Shulas, supra, 385 N.J. Super. at 101-02, we instructed that "an examination into the propriety of a voluntary dismissal without prejudice requires an investigation into the reasons why the order was sought as well as the actions or inactions of the parties that preceded its entry."

Facing defendants' motion for summary judgment and the expiration of the statutory timeframe within which to file an AOM, plaintiff moved for a voluntary dismissal. Counsel candidly explained that this would provide him the opportunity to review and investigate the matter and, if appropriate, re-file the complaint with an AOM. Since A.T. was a minor, counsel reasoned that the new complaint would be filed within the statute of limitations, therefore causing no prejudice to defendants.

We find that permitting a voluntary dismissal in these circumstances would render the AOM statute meaningless in the case of a minor plaintiff. The purpose underlying the statute has been oft explained. "It was designed as a tort reform measure and requires a plaintiff in a malpractice case to make a threshold showing that the claims asserted are meritorious. It

is designed to weed out frivolous lawsuits at an early stage and to allow meritorious cases to go forward." Galik v. Clara Maass Med. Ctr., 167 N.J. 341, 350 (2001) (citing Cornblatt, supra, 153 N.J. at 242).

If plaintiff were permitted to take a voluntary dismissal, the timeframes in the AOM statute and the purpose behind it would be defeated. Defendants would be faced with waiting indefinitely for a resolution of the litigation against them, incurring costs to defend each newly filed action.[8] The statute would be rendered moot.

We have previously addressed this issue and rejected the argument that justice requires a dismissal without prejudice due to the plaintiff's status as a minor. As we stated in Kubiak v. Robert Wood Johnson University Hospital, 332 N.J. Super. 230, 238 (App. Div. 2000):

> [W]here, as here, a guardian ad litem pursues a child's claim on behalf of the minor, the guardian steps into the shoes of the minor and is obligated to comply with court rules and the applicable statutes. In short, a minor is protected from a parent's or guardian's inaction, but not from their improvident actions in the course of litigation.

---

[8] We also note the potential impact a dismissal without prejudice might have on a health care professional under N.J.S.A. 17:30D-22, wherein a medical malpractice premium may not be increased if an insured is dismissed from a medical malpractice action within 180 days of the filing of the last responsive pleading.

Our dissenting colleague posits that the dismissal of A.T.'s complaint under these circumstances is "illogical and inconsistent with other recognized instances of 'extraordinary circumstances'" and "fails to respect the solicitude the law affords minors." Plaintiff, however, does not assert the existence of extraordinary circumstances nor does she argue substantial compliance; just that it was "an oversight" not to file the AOM. And we agree with our colleague that the tolling of the statute of limitations in tort cases for minors has afforded them protection. However, those exceptions were put into place as a result of legislative action. The Legislature did not choose to carve out an exception for minors when crafting the AOM timeframes. We find this significant. In Kubiak, we noted that similar omissions by the Legislature have been dispositive. Kubiak, supra, 332 N.J. Super. at 238; see Scharwenka v. Cryogenics Mgmt., Inc., 163 N.J. Super. 16, 21 (App. Div. 1978) ("That there is no tolling proviso in the [worker's] compensation act is perfectly clear. . . . No exception or qualification for infancy or incompetency is provided for, in contrast with the express provision therefor in the general statutes of limitations."); see also Giantonio v. Reliance Ins. Cos., 175 N.J. Super. 309, 315 (Law Div. 1980) ("[H]ad the Legislature intended that the time limitations be

A-0589-14T1

tolled for an infant until he reaches his majority, it could have quite effortlessly inserted just such a specific provision. This court cannot by judicial construction do what the Legislature expressly or inferentially declined to do.").

We affirm the denial of the voluntary dismissal motion, the grant of summary judgment to defendants, and the dismissal with prejudice of the complaint.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

**RECORD IMPOUNDED**

---

**FISHER, P.J.A.D., dissenting.**

As my colleagues have thoroughly explained, plaintiff commenced this medical malpractice action on behalf of a child against defendants regarding their participation in the child's 2011 birth. When plaintiff's counsel, a New York practitioner apparently unfamiliar with N.J.S.A. 2A:53A-27, failed to serve an affidavit of merit within 120 days, defendants moved for summary judgment. New counsel appeared for plaintiff and, in seeking to fend off summary judgment, moved for a voluntary dismissal. Despite the near nonexistent prejudice to defendants if such relief were granted, the motion judge concluded — because of Kubiak v. Robert Wood Johnson Hosp., 332 N.J. Super. 230 (App. Div. 2000) — that she lacked the discretion to grant a voluntary dismissal with or without terms; consequently, summary judgment was entered in favor of defendants.

In my view, Kubiak's brightline rule — that a dismissal based on a failure to comply with the affidavit of merit statute must always be with prejudice even if the claim belongs to a minor — is illogical and inconsistent with other recognized instances of "extraordinary circumstances" that have alleviated others from the consequences of their similar failure; in particular, Kubiak fails to respect the solicitude the law

affords minors.  Accordingly, unlike my colleagues, I would not adhere to Kubiak and dissent for the following reasons.

To be fair to the motion judge, I would observe that she was required to follow our earlier decision in Kubiak, see Kosmin v. N.J. State Parole Bd., 363 N.J. Super. 28, 40 (App. Div. 2003), and cannot be faulted for failing to exercise the discretion otherwise afforded by Rule 4:37-1(b). The motion judge dutifully followed Kubiak where, in similar circumstances, we permitted no alternative to a dismissal with prejudice when a child's representatives failed to timely serve an affidavit of merit. In reaching that conclusion, the Kubiak panel first recognized that a minor is bound to a guardian's acts or omissions. 332 N.J. Super. at 238. That is surely true, but it does not necessarily follow that the minor's claim should be treated in all respects as if brought by an adult.  The law has always been solicitous and protective of under-aged litigants, Riemer v. St. Clare's Riverside Med. Ctr., 300 N.J. Super. 101, 110 (App. Div. 1997) — a policy which has spawned, among other things: equitable tolling of a child's wrongful death suit even though the Wrongful Death Act, without exception, mandates that such a suit be commenced within two years of the date of death,

LaFage v. Jani, 166 N.J. 412, 430-31 (2001)[1]; a looser application of the entire controversy doctrine in actions brought on behalf of minors, Riemer, supra, 300 N.J. Super. at 110; a process requiring judicial approval of settlements reached on behalf of minors, R. 4:44; and liberal judicial scrutiny of minors' pre-tort releases, Hojnowski v. Vans Skate Park, 187 N.J. 323, 333-34 (2006). So, while I agree with Kubiak that a minor must in some sense be bound to the consequences of a guardian's omission, see Zukerman v. Piper Pools, Inc., 232 N.J. Super. 74, 96 (App. Div. 1989), the examples cited above demonstrate those consequences are not coextensive with those arising in suits commenced by adults on their own behalf.

In the present circumstances, a suit brought on behalf of an adult would rightly be finally terminated. But the affidavit of merit statute, although admittedly silent on its application to minors — just as the Wrongful Death Act is similarly silent — does not suggest a guardian's procedural missteps must be fatal to a minor's claim any more than was the case in LaFage.

---

[1] In LaFage, a widow commenced on her own behalf and on behalf of her minor children a suit alleging the wrongful death of her husband (their father) twenty-seven days beyond the two-year statute of limitations. 166 N.J. at 418. The Court found the widow's claim to be time-barred, but the children were entitled to equitable tolling because of their status as minors. Id. at 431.

Indeed, it seems to me that the Kubiak holding rests on the false premise that "[a] dismissal for failure to comply with the [affidavit of merit statute] is not any different than a dismissal after plenary or summary adjudication." 332 N.J. Super. at 238. This assertion misinterprets everything the Supreme Court has said about the intent of that statute. For example, the Court has held that the affidavit of merit statute was designed only to compel a plaintiff to make "a threshold showing" that a malpractice claim is not frivolous, In re Petition of Hall, 147 N.J. 379, 391 (1997); a failure to make that showing only permits an inference — perhaps true, perhaps not — that the claim is frivolous. In other words, the affidavit of merit statute was designed to "identif[y]" "meritless lawsuits . . . at an early stage of the litigation," Paragon Contractors, Inc. v. Peachtree Condo. Ass'n, 202 N.J. 415, 421 (2010); the statute does not require proof the claim will succeed nor does compliance guarantee an adjudication on the merits. That is, experience and common sense suggest that a failure to comply does not mean a claim lacks merit or will not succeed if submitted to a factfinder. A litigant may fail to comply for reasons having nothing to do with a claim's merits, such as negligence, inadvertence, or ignorance of the law. Thus, I disagree with Kubiak's premise that the failure to serve

an affidavit of merit is the equivalent of an adjudication of a case on its merits. Because this faulty premise seems to be the linchpin to Kubiak's elimination of a minor's opportunity to commence suit later — i.e., how can one later sue on a claim already adjudicated on its merits? — I would depart from Kubiak and reaffirm that trial judges possess the discretion to preserve for the future a minor's malpractice action in circumstances such as those at hand.

I also reach this conclusion because the consequences of counsel's oversight here are disproportionate both when compared to circumstances previously found excusable or exceptional and when compared to the harm, if any, incurred by defendants. As to the former, the cases cited earlier demonstrate not every failure to comply with the statute is fatal. Because "there is no legislative interest in barring meritorious claims brought in good faith," Galik v. Clara Maass Med. Ctr., 167 N.J. 341, 359 (2001), the Supreme Court has held that the doctrine of substantial compliance may be invoked as a means of avoiding dismissal for technical violations, see, e.g., Fink v. Thompson, 167 N.J. 551, 561-65 (2001) (finding substantial compliance when the affidavit did not name defendant but a detailed expert report focused on defendant's conduct); Galik, supra, 167 N.J. at 353-57 (excusing failure where plaintiff had served

defendant's insurer prior to suit with unsworn expert reports and had taken steps to later comply with the statute), and has allowed for dismissals without prejudice when the equities suggest a "temper[ing] [of] the draconian results of an inflexible application of the statute," Paragon, supra, 202 N.J. at 422 (quoting Ferreira v. Rancocas Orthopedic Assocs., 178 N.J. 144, 151 (2003)). Indeed, in Paragon, the Court found the equities tilted in favor of a condominium association represented by competent counsel who failed to comply because of an assumption that the trial court's failure to schedule a Ferreira conference tolled the statute's time bar. Even though, as the Court explained, counsel was "not as assiduous as he could or should have been," the uncertainty about whether Ferreira had created a "safe harbor" for late affidavits of merit constituted an "exceptional circumstance" that warranted relief. Paragon, supra, 202 N.J. at 425-26. That being so, and particularly when coupled with the law's solicitude for minors, I fail to see why we should not also characterize as "exceptional" the minor's attorney's fumbling of the affidavit of merit requirement,[2] and I would hold that a trial judge has

---

[2] Implicit in Kubiak and today's decision is an understanding that the minor will not be entirely deprived of a remedy — that her medical malpractice action has been replaced with a legal malpractice action, and all's right with the world. The adequacy
(continued)

discretion to grant a voluntary dismissal without prejudice in this circumstance.[3] The flexibility judges possess when considering an application for a voluntary dismissal demonstrates why that is a better course than that compelled by Kubiak.

The pivotal question in any application for a voluntary dismissal centers, often exclusively, on the prejudice to adverse parties. See Shulas v. Estabrook, 385 N.J. Super. 91, 97 (App. Div. 2006); Burke v. Central R. Co., 42 N.J. Super. 387, 398 (App. Div. 1956). Here, the harm or prejudice to defendants is minimal, arguably nonexistent. Defendants are now aware of the minor's claim, which could have otherwise lain dormant for many years in light of the tolling provision legislatively created for minors. See N.J.S.A. 2A:14-21

---

(continued)
of that relegated remedy, of course, requires an assumption of many things the record does not disclose. But even if there is an adequate remedy for the child at the end of the day, albeit against other parties, is this exchange of one claim for another a societal interest that we should be seeking to advance? Or, more to the point, is this how the policies underlying the affidavit of merit statute are to be served?

[3] I find no significance in plaintiff's failure to describe former counsel's error as "extraordinary." We should characterize and decide what is presented through our own interpretation of the applicable legal principles and not be held hostage to labels affixed by others. See, e.g., Rosenstein v. State, Dep't of Treas., Div. of Pensions & Benefits, 438 N.J. Super. 491, 496-97 (App. Div. 2014).

(declaring that the two-year personal injury statute of limitations is tolled for an injured minor until the minor turns eighteen). And the fact that defendants have been called upon to appear unnecessarily in this aborted action, and incur counsel fees, is something a trial court may redress while granting a voluntary dismissal without prejudice. See R. 4:37-1(b) (authorizing a dismissal without prejudice "upon such terms and conditions as the court deems appropriate"). I would, therefore, remand for entry of a voluntary dismissal without prejudice[4] and allow for the judge's consideration of whether there is a need for the imposition of terms necessary to alleviate any harm or prejudice defendants may have suffered. This is a vastly better approach in that it preserves the minor's claim, protects defendants from harm, and fosters disposition of cases on their merits rather than on procedural missteps. See Ragusa v. Lau, 119 N.J. 276, 284 (1990); Midland Funding LLC v. Albern, 433 N.J. Super. 494, 499 (App. Div. 2013); Tumarkin v. Friedman, 17 N.J. Super. 20, 27 (App. Div. 1951), certif. denied, 9 N.J. 287 (1952). Consequently, unlike

---

[4] Ordinarily, I would say we should remand for the judge's exercise of her discretion as to whether to grant a voluntary dismissal, but I can see here no principled basis for denying such an application.

my colleagues, I would depart from <u>Kubiak</u> and reverse the order under review here.

I respectfully dissent for these reasons.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION