**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0526-18T4

RAHEIM SMITH and
MICHELLE SMITH,

     Plaintiffs-Appellants,

v.

ST. JOSEPH'S HOSPITAL AND
MEDICAL CENTER, t/d/b/a
ST. JOSEPH'S REGIONAL
MEDICAL CENTER and t/d/b/a
ST. JOSEPH'S UNIVERSITY
MEDICAL CENTER, ST.
JOSEPH'S HEALTHCARE, INC.,
ST. JOSEPH'S HEALTHCARE
SYSTEM, INC., ST. JOSEPH'S
PHYSICIANS HEALTHCARE
GROUP, INC., ST. JOSEPH'S
PHYSICIANS, INC., ST. JOSEPH'S
FACULTY PHYSICIANS, INC.,
UNIVERSITY SPINE CENTER,
PC, and MICHAEL J. FALOON,
M.D.,

     Defendants-Respondents,

and

VIRTUAL RADIOLOGIC
PROFESSIONALS, LLC, VIRTUAL

RADIOLOGIC PROFESSIONALS
OF NEW JERSEY, PA, VIBHU
KAPOOR, M.D., and SETON HALL
UNIVERSITY,

     Defendants.

_____

     Argued November 27, 2018 – Decided March 19, 2019

     Before Judges Fisher and Suter.

     On appeal from Superior Court of New Jersey, Law
     Division, Essex County, Docket No. L-1489-16.

     Jillian A.S. Roman argued the cause for appellants
     (Cohen, Placitella & Roth, PC, attorneys; Jillian A.S.
     Roman, on the brief).

     Charles E. Murray, III, argued the cause for
     respondents St. Joseph's Hospital and Medical Center,
     St. Joseph's Healthcare, Inc., St. Joseph's Healthcare
     System, Inc., St. Joseph's Physicians Healthcare Group,
     Inc., St. Joseph's Physicians, Inc. and St. Joseph's
     Faculty Physicians, Inc. (Farkas & Donohue, LLC,
     attorneys; Charles E. Murray, III, on the brief).

     Richard J. Tamn argued the cause for respondents
     Michael J. Faloon, M.D. and University Spine Center,
     PC (Krompier & Tamn, LLC, attorneys; Richard J.
     Tamn, of counsel and on the brief; Elizabeth G.
     Thompson, on the brief).

PER CURIAM

     Plaintiffs Raheim and Michelle Smith were granted leave to appeal from

an order denying the amendment of their medical malpractice complaint that

would have added Kumar G. Sinha, M.D. and Leah Abucay, R.N. as additional defendants, and a subsequent order that denied their motion for reconsideration. We reverse the denial of the amendment because the discovery rule should have been applied.[1] We also reverse the denial of reconsideration.

I

We relate facts pertinent to this opinion. Raheim,[2] who was sixteen in 2015, suffered from severe "idiopathic scoliosis"[3] of the spine. Michelle is his mother. On April 7, 2015, defendant Michael J. Faloon, M.D. (Dr. Faloon) and Kumar G. Sinha, M.D. (Dr. Sinha), who practiced together in defendant University Spine Center, PC, performed scoliosis reconstruction surgery on Raheim's spine. The operation was performed at defendant St. Joseph's Hospital and Medical Center. Raheim had normal feeling and strength in his legs and arms right after the surgery. By about 10:00 p.m. that evening, however, Raheim complained of lack of feeling or movement in his legs or feet. Neurological

---

[1] We do not reverse the part of the order that amended the caption to allow Raheim Smith to bring the action individually on his own behalf.

[2] We use first names in this opinion to avoid confusion because plaintiffs share the same surname.

[3] Scoliosis is defined as an abnormal lateral and rotational curvature of the vertebral column (spine). Stedman's Medical Dictionary 1734 (28th ed. 2005).

A-0526-18T4

testing confirmed he had lost feeling below the nipple line, movement in his legs and feet and some strength in his left hand. He received medical treatment and an MRI was performed. While at the MRI, Raheim regained movement and sensation.

A decision was made to transfer Raheim to the Pediatric Intensive Care Unit (PICU) rather than operate on him further that night. When Raheim was admitted to PICU at about 2:20 a.m., he reported feeling pain stimulation in both legs but his left hand grasp was a little less. Leah Abucay, R.N. (Nurse Abucay), who was on duty in PICU, performed a number of medical checks throughout the rest of the night, but did not wake Raheim to conduct neurological tests to monitor his movements or feeling. At 6:30 a.m., an orthopedic resident who examined Raheim, found he had lost motor function and sensation in his legs and feet. Drs. Faloon and Sinha were notified and later that morning they operated on Raheim to remove the implants they had inserted in the earlier spinal surgery. Raheim did not regain sensation or movement thereafter and now suffers from paraplegia. Plaintiffs contend the MRI was misread and that

Raheim experienced a post-operative epidural hematoma[4] that compressed the spinal cord.

In March 2016, Michelle filed a malpractice lawsuit for Raheim in her capacity as his guardian and for herself individually. Dr. Faloon and others were named as defendants. Discovery progressed; there were multiple motions to address discovery issues.

In late May 2018, plaintiffs filed a motion to amend their complaint to add Dr. Sinha and Nurse Abucay as defendants and, because Raheim no longer was a minor, to amend the complaint's caption to reflect that the claims were brought by him individually. Plaintiffs claimed they first learned on October 25, 2017, when Dr. Sinha was deposed, that he and Dr. Faloon decided jointly not to operate on Raheim but to place him in PICU based on the MRI and on Raheim's regained movement. None of the medical records had shown that Dr. Sinha participated in the decision not to operate a second time.

Plaintiffs claimed they learned on November 17, 2017, that Dr. Faloon had ordered PICU to perform hourly neurological testing of Raheim. The medical records did not show that order, so plaintiffs were not aware of this

---

[4] An epidural hematoma occurs when a mass of blood forms on or outside of the dura matter (the outer most membrane enveloping the brain and spinal cord). Stedman's Medical Dictionary 654, 863, and 592 (28th ed. 2005).

prior to the deposition of a resident where this information was revealed. Also, on February 20, 2018, plaintiffs obtained a copy of the hospital's policy that PICU patients should be assessed every one to two hours or more frequently as needed. Plaintiffs' motion sought to add Nurse Abucay as a defendant because they alleged she violated her duty of care by not performing hourly neurological checks or following the hospital's policy.

The trial court denied plaintiffs' motion to add Dr. Sinha and Nurse Abucay as defendants, rejecting their argument that the discovery rule applied. The court concluded plaintiffs had "a basis to bring Sinha and . . . Abucay into this case long before now." "Dr. Sinha was the assistant in the operation. Nurse Abucay was monitoring during the three hours . . . [t]here was enough to put you on notice." Plaintiffs were not diligent; the court noted that "the concept of due diligence appli[ed] in the discovery rule context." Also, plaintiffs did not supply the court with legal authority to support their arguments. However, the judge did grant plaintiffs' motion to amend the caption to reflect that Raheim's claims now were brought in his individual capacity.

The court subsequently denied plaintiffs' motion for partial reconsideration because plaintiffs' arguments previously had been raised,

considered and rejected by the court. We granted plaintiffs' motion for leave to appeal.

On appeal, plaintiffs contend the trial court erred by holding they could not rely on the discovery rule to amend their complaint when previously they were not aware of facts demonstrating medical negligence by Dr. Sinha and Nurse Abucay. They also contend the court erred in finding they were dilatory in conducting discovery and filing a motion to amend even though their motion was filed within two years of discovering the alleged negligence by Dr. Sinha and Nurse Abucay and within two years of Raheim reaching eighteen.

II

We review the trial court's ruling on a motion to amend the pleadings under the abuse of discretion standard. Fisher v. Yates, 270 N.J. Super. 458, 467 (App. Div. 1994). The same standard governs our review of decisions on motions for reconsideration. Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996).

After a responsive pleading has been served, a party may amend a pleading "by written consent of the adverse party or by leave of court, which shall be freely given in the interest of justice." R. 4:9-1. Kernan v. One Washington Park Urban Renewal Assocs., 154 N.J. 437, 456-57 (1998). This

decision is committed to the sound discretion of the trial court. Ibid. The "exercise of discretion requires a two-step process: whether the non-moving party will be prejudiced, and whether granting the amendment would nonetheless be futile." Notte v. Merchs. Mut. Ins. Co., 185 N.J. 490, 501 (2006). "[T]he factual situation in each case must guide the court's discretion, particularly where the motion is to add new claims or new parties late in the litigation." Bonczek v. Carter-Wallace, Inc., 304 N.J. Super. 593, 602 (App. Div. 1997). "'[C]ourts are free to refuse leave to amend when the newly asserted claim is not sustainable as a matter of law.'" Notte, 185 N.J. at 501 (quoting Interchange State Bank v. Rinaldi, 303 N.J. Super. 239, 256-57 (App. Div. 1997)).

Plaintiffs contend the court erred in denying their motion because the discovery rule applied. Under that rule, they had two years from when they discovered the negligence by Dr. Sinha and Nurse Abucay to file suit. Because their motion was filed within that timeframe, it was not "futile" as defendants argued.

Medical malpractice actions must be instituted within two years from the date of the alleged negligence. N.J.S.A. 2A:14-2. However, the discovery rule was adopted "[t]o prevent the sometimes harsh result of a mechanical

application of the statute of limitations." Martinez v. Cooper Hosp. Univ. Med. Ctr., 163 N.J. 45, 52 (2000) (citing Vispisiano v. Ashland Chem. Co., 107 N.J. 416, 426 (1987), and Fernandi v. Strully, 35 N.J. 434, 449-50 (1961)). As a rule of equity, it provides that a cause of action will not accrue "until the injured party discovers, or by an exercise of reasonable diligence and intelligence should have discovered that he may have a basis for an actionable claim" against another party. Lopez v. Swyer, 62 N.J. 267, 272 (1973). It "prevents the statute of limitations from running when injured parties reasonably are unaware that they have been injured, or, although aware of an injury, do not know that the injury is attributable to the fault of another." Baird v. American Medical Optics, 155 N.J. 54, 66 (1998) (citing Tevis v. Tevis, 79 N.J. 422, 432 (1979)). Further, "where a plaintiff knows of an injury, but fault is not self-evident or implicit in the injury itself, it must be shown that a reasonable person would have been aware of such fault in order to bar the plaintiff from invoking the discovery rule." Martinez, 163 N.J. at 55.

The trial court rejected application of the discovery rule because plaintiffs knew about Raheim's paralysis, that Dr. Sinha was involved in the original operation and that Nurse Abucay was on duty that night in PICU. It was not persuaded to apply the rule just because plaintiffs were not aware until much

later in discovery of Dr. Sinha and Nurse Abucay's alleged fault during the overnight hours. However:

> knowledge of fault for purposes of the discovery rule has a circumscribed meaning: it requires only the awareness of facts that would alert a reasonable person exercising ordinary diligence that a third party's conduct may have caused or contributed to the cause of the injury and that conduct itself might possibly have been unreasonable or lacking in due care.
>
> [Savage v. Old Bridge-Sayreville Medical Group, 134 N.J. 241, 248 (1993).]

Plaintiffs limit their malpractice claim against Dr. Sinha and Nurse Abucay to "the post-surgical care received by [Raheim] during the overnight hours of April 7, 2015 to April 8, 2015." Although they were aware that Dr. Sinha assisted in the reconstructive surgery on April 7, there was nothing in the medical records to show that he was involved in any of the decisions during or after the MRI. Defendants do not dispute that. Dr. Sinha's involvement with that subsequent period was not known until his deposition in October 2017. Therefore, although plaintiffs knew the nature of the injury, they reasonably did not know that the injury was attributable to the alleged fault of Dr. Sinha.

The same is true for Nurse Abucay. Plaintiffs were aware she was involved with Raheim's care in the early morning of August 8 and that the medical records did not reflect neurological testing. Plaintiffs did not know

until November 2017 about Dr. Faloon's order for hourly neurological tests. Nurse Abucay acknowledged not waking Raheim to perform neurologic tests. We are satisfied that the discovery rule applies because a reasonable person exercising ordinary diligence would not have been aware that Dr. Sinha and Nurse Abucay's conduct "may have caused or contributed to the cause of the injury and that conduct itself might possibly have been unreasonable or lacking in due care." Savage, 134 N.J. at 248.

We also are satisfied plaintiffs acted diligently in pursuing these claims. There were multiple discovery motions and request to produce documents. Discovery was still on-going in the Fall of 2017 when this information was obtained. Defendants do not allege they were prejudiced by the time elapsed from when the depositions were taken to the time this motion was filed.

The case is similar to Gallagher v. Burdette-Tomlin Mem. Hosp., 163 N.J. 38 (2000), where the Court affirmed an application of the discovery rule. In Gallagher, plaintiff had surgery to alleviate incontinence, but after the operation she developed an infection and abscess resulting in her total incontinence. The Court applied the discovery rule, recognizing that the statute of limitations for a medical malpractice case can run at different times for different defendants. 163 N.J. at 43. The Court stated "[t]he patient here had no reasonable basis to

suspect that her crippling condition was caused by anything other than the original surgery." Ibid. There was "[n]o readily apparent indication of the [doctor's] potential contribution to the patient's medical deterioration materialized until [the expert physician] brought the failure to treat plaintiff's infection to light." Id. at 44. The Court held that "[t]he benefit of the discovery rule should be available to this plaintiff who remained reasonably 'unaware . . . that the injury [wa]s due to the fault or neglect of an identifiable individual or entity.'" Id. at 43-44 (alterations in the original) (quoting Abbond v. Viscomi, 111 N.J. 56, 62 (1988)).

Even if the discovery rule did not apply, Raheim should have been able to amend the complaint to add these claims based on equitable tolling. N.J.S.A. 2A:14-21 provides:

> If a person entitled to commence an action or proceeding specified in [N.J.S.2A:14-2] . . . is under the age of [eighteen] years . . . the person may commence the action or make the entry, within the time as limited by [the] statute[], after reaching majority or having the mental capacity to pursue the person's lawful rights.
>
> [N.J.S.A. 2A:14-21.]

In LaFage v. Jani, 166 N.J. 412, 430-31 (2001), where the children's mother filed a wrongful death action twenty-seven days after the statute of limitations had run, the court permitted equitable tolling. More recently in A.T.

v. Cohen, 231 N.J. 337 (2017), the Supreme Court addressed the effect of an untimely affidavit of merit, filed on behalf of a minor by her parent, on the dismissal of the minor's malpractice action. In that case, the Court found extraordinary circumstances to permit reinstatement of that complaint, reversing the Appellate Division's majority opinion that had relied on Kubiak v. Robert Wood Johnson Univ. Hosp., 332 N.J. Super. 230, 238 (App. Div. 2000) to affirm dismissal of the complaint. The denial of Raheim's motion to amend his complaint was not consistent with the "solicitude the law affords minors,"[5] or the equitable tolling statute.

We are mindful of the potential for prejudice, but in this case defendants have been aware of plaintiff's injury and the malpractice lawsuit for a number of years, records have been obtained, depositions taken, the additional parties have been deposed and the claims against them are limited to their involvement in the overnight hours following the reconstructive operation.

Therefore, we conclude the trial court misapplied its discretion in denying plaintiff's motion to amend the complaint to add Dr. Sinha and Nurse Abucay as

---

[5] A.T. v. Cohen, 445 N.J. Super. 300, 310 (App. Div. 2016) (Fisher, P.J.A.D., dissenting) (reversed and remanded by A.T., 231 N.J. 337).

defendants. We reverse those portions of the orders and remand for further proceedings consistent with this decision. We do not retain jurisdiction.

Reversed and remanded.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0526-18T4